JOHN KLOSTERMAN ET AL. V. GEORGE OLCOTT.

[FILED OCTOBER 23, 1889.]

**Instructions.** Where the court in instructing the jury as to the issues in the case stated them much more broadly than was warranted by the bond which was the foundation of the action, *held*, that the error was prejudicial and cause for a new trial.

REHEARING of case reported in 25 Neb., 382.

*Marquett, Deweese & Hall,* and *S. H. Steele,* for plaintiff in error:

As to the first instruction, the error is not cured by a subsequent instruction committing the question to the jury (*McPherson v. Wiswell,* 19 Neb., 117); and the court made no statement to the jury of the issues as raised by the pleadings, which was error. (*Potter v. R. Co.,* 46 Ia., 399; *Dassler v. Wisley,* 32 Mo., 498; *McKinney v. Hartman,* 4 Ia., 153; *Sandwich Mfg Co. v. Shiley,* 15 Neb., 111.)

*O. P. Mason, Robert Ryan,* and *F. W. Lewis,* for defendant in error.

MAXWELL, J.

This action was brought before this court at the January, 1889, term thereof and an opinion filed which is reported in 25 Neb., 382. A rehearing was afterwards granted and the cause again submitted.

Particular objections are urged to the first instruction, which is as follows: " This action is brought by the plaintiff against the defendants upon a written contract entered into between the defendants and one Henry E. Lewis, by the terms of which defendants, in substance, agreed to pay to said Lewis, or his assigns, the amount due upon the sev-

eral promissory notes introduced in evidence upon this trial, within thirty days after their maturity, in the event the same were not paid by the makers thereof."

In the former opinion it is said: "We see no error in this instruction." A more careful scrutiny of the bond which is the foundation of the action however convinces us that in this we erred. The condition of the bond is that "the said W. H. Westover and J. Robert Williams are about to *sell* to the said Henry E. Lewis, within the next two years, promissory notes secured by chattel or real estate mortgages, and to indorse such notes to the said Lewis, and have entered into an agreement as parties of the first part, with said Lewis as party of the second part, for good and sufficient consideration therein expressed, to guarantee to the said Lewis and his assigns payment within thirty days after maturity of each and every one of the said promissory notes so sold to said Lewis by them, and indorsed as aforesaid, with accrued interest, and to collect the said notes without expense or charge therefor to the said Lewis, or the assignees thereof."

It will be observed that the bond is to guarantee notes which Westover and Williams should *sell* to Lewis. This element is entirely left out of the instruction above given and it must have been prejudicial, as the right to recover is much more broadly stated than in the bond.

One of the defenses in the case is usury and one of the questions for determination is whether or not the alleged sale of the notes was not a device to evade the usury laws. This error could not be cured by another instruction on behalf of the plaintiffs in error.

The judgment of the district court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.

THE other Judges concur.