JERMAN S. KEATOR and another *vs*. JOHN GLASPIE.

November 11, 1890.

**Plaintiff Failing to Appear at Trial—What Judgment Defendant may have.**—Where the plaintiff fails to appear at the trial, and the answer sets up no counterclaim, the court may dismiss the action on the application of the defendant. A trial and judgment upon the merits are not authorized in such case.

Action brought in the district court for Washington county, to recover $88,158 damages for alleged fraudulent representations by defendant on a sale of pine lands to plaintiff. At the commencement of the action a writ of attachment was issued and levied on defendant's property. The defendant answered, denying the fraud charged. A trial by jury resulted in a disagreement, whereupon the action was continued until the next term of court, when it was again called for trial. Plaintiffs' counsel waived a jury, and announced that plaintiffs declined to appear, and the action was set for trial by the court, and was thereafter tried by *McCluer*, J. The plaintiffs did not appear, the defendant introduced his evidence, and the court made its findings of fact and conclusions of law in favor of defendant, and ordered judgment that plaintiffs take nothing by this action, and that defendant recover his costs. The plaintiffs appeal from the judgment entered.

*Searles & Gail*, for appellants.

*J. N. Castle* and *Fayette Marsh*, for respondent.

VANDERBURGH, J. At the common law, if the plaintiff failed to appear at the trial, he was nonsuited, and there was and could be no trial or decision on the merits in his absence. The subject is regulated by the statute in this state providing for the dismissal of actions. Gen. St. 1878, *c*. 66, §§ 262, 263. And by subdivision 4 of section 262, the action may be dismissed without a final determination of the merits, "by the court, when the plaintiff fails to appear at the trial, and the defendant appears and asks for the dismissal." This simply regulates the former practice. There is no provision in

the statute authorizing the defendant to proceed to trial and introduce evidence in the action, or the court to render judgment therein on the merits as upon default against the plaintiff, or other than as upon a dismissal in the nature of a nonsuit, where the answer sets up no counterclaim. The proper practice, then, still is for the court to order a, nonsuit, (dismissal,) where the defendant moves the case in the absence of the plaintiff; and this is believed to have been the practice as generally understood and followed by the bar and courts of this state, under the statute referred to. In this case the plaintiffs did not appear, and a trial was had at the instance of the defendant. Evidence was offered by him, and a judgment rendered in his favor, upon the merits. From this judgment the plaintiffs appeal. For the reasons stated, the court erred in ordering judgment upon the merits. It is not important that an attachment had been issued in the action. Upon a dismissal by the court, it could make the necessary order for the release of the property attached. The case will be remanded, with directions to the district court to modify the judgment in accordance with this opinion.

NOTE. A motion for a reargument of this case was denied November 24, 1890.