### DENNIS BOYLE *vs.* NOAH ADAMS.

Argued by appellant and submitted on brief by respondent June 6, 1892. Decided June 22, 1892.

**Contract Void as against Public Policy.**

> An agreement by which one person, under promise of benefit, agrees with another to withdraw an offer or bid for property of the state, offered for sale, so as to enable the latter, by the removal of competition, to buy it cheaper than he otherwise could, is void as being against public policy.

**Same—Applies to Private Sales of Public Property.**

> It is immaterial whether the property is offered at public auction or by inviting bids or proposals for its purchase at private sale.

Appeal by plaintiff, Dennis Boyle, from a judgment of the District Court of Hennepin County, *Hooker*, J., entered July 25, 1891, in favor of defendant Noah Adams, upon his demurrer to the complaint.

*Fayette Marsh*, for appellant.

A case cannot be dismissed upon the motion of the court where the plaintiff fails to appear. The record does not show that the defendant's attorney asked for a dismissal of the action, and it could only be done upon his request. If the motion to dismiss had been made, the order should have been an order of dismissal, not an order sustaining the demurrer. An order sustaining the demurrer is a decision on the merits, upon the issue raised by the complaint and demurrer. 1878 G. S. ch. 66, § 261.

Was the contract between the parties null and void, as against public policy, or without consideration? Where lands or property are to be sold for the state at public auction, any conspiracy to prevent competition at such sale, is against public policy, and such sales are void. But in this case the land was for sale at private sale. The withdrawal of plaintiff's offer did the State no wrong, and therefore was not against public policy. The State could refuse to sell, until an offer was made of the full value of the timber, and was not compelled to take less than the full value, as it

would have been, had the timber been sold at public auction. As appellant Boyle might lawfully withdraw his offer at any time before the same was accepted, such withdrawal was not against public policy, or in fraud of the rights of the State; and the only question to be solved is, did such withdrawal at the request of respondent, Adams, constitute a sufficient consideration to support his agreement, to pay the appellant the sum of five hundred dollars? The opportunity to purchase this timber was a thing of value and to abandon it to another, was a good consideration to support the agreement to pay.

*C. J. Bartleson*, for respondent.

The contract, alleged in plaintiff's complaint, is void for want of consideration. 1 Parsons, Cont. 430 *et seq.*; *Rochester Ins. Co.* v. *Martin*, 13 Minn. 59, (Gil. 54.)

The contract was void as against public policy. 1 Parsons, Cont. 440, n.; *Gulick* v. *Ward*, 10 N. J. Law, 87; *Woodworth* v. *Bennett*, 43 N. Y. 273; *Atcheson* v. *Mallon*, 43 N. Y. 147.

MITCHELL, J. In this case an order was made sustaining the demurrer to the complaint, notwithstanding that the plaintiff failed to appear on the trial or hearing. Unless there is some distinction in this respect between an issue of fact and one of law which does not now occur to us, the correctness of this practice may well be doubted. *Keator* v. *Glaspie*, 44 Minn. 448, (47 N. W. Rep. 52.)

But, as the plaintiff does not make this point, we shall treat the order as being, what he claims it to be, a determination of the issue of law upon the merits.

The allegations of the complaint are that the state auditor, as land commissioner, had offered for sale the pine timber on certain lands of the state; that plaintiff had made the commissioner an offer to purchase the same at private sale, which offer the commissioner had taken under consideration; that before the commissioner had determined to accept the offer, the defendant agreed with plaintiff that, if he would withdraw his offer, and permit him (defendant) to purchase the timber, he would pay plaintiff $500; that plaintiff agreed

to this, and withdrew his offer, and thereupon defendant became the purchaser of the timber at private sale, to his great gain and profit. Judgment is demanded for the $500.

It is rather difficult to spell out of this any sufficient consideration for the promise to pay this money; but, if there is, it must be because the agreement removed competition in the way of offers or proposals for the purchase of public property offered for sale, and thus enabled the defendant to buy it for a less price than he otherwise could have done. If so, the agreement was one that operated against the interests of the public, and was therefore void as against public policy. If the sale had been at public auction, and a like agreement had been made to buy off and prevent competition, there could have been no doubt of its illegality. But the fact that the sale was, as alleged, private, can make no difference in a case like the present. The effect and result of such an agreement is the same in either case. We are not aware of any statute (and counsel have called our attention to none) authorizing the land commissioner to sell the pine on state lands at private sale.

But, assuming that the law does authorize him, instead of selling at public auction, to invite offers or proposals for its purchase, it is still the interest of the state, as well as the duty of the commissioner, to sell for the highest price obtainable.

Competition is as desirable in the one case as in the other, and any agreement that would silence or remove competition is alike prejudicial in both. An offer or proposal in writing, where such offers are invited, is no less a bid than a verbal one at an auction sale, and the abstaining from making an offer in one case under promise of a benefit is as much against the interests of the public as is abstaining from bidding in the other under a like promise. In either case, the natural and necessary effect of such an agreement is to remove competition, lessen both the number and amount of offers, and thereby prevent the sale of public property for as high a price as it would otherwise have brought.

To illustrate by this case: If the defendant could afford to pay $500 to induce plaintiff to stand out of his way, it must have been because he could thereby secure the timber from the state for a price

at least that much less than he could otherwise have done.    It makes no difference that the commissioner had the right to reject all offers if not satisfactory.    The same right might be reserved and exercised in case of a sale at public auction.

Such an agreement operates against the interests of the public, and is therefore against public policy and void.    See *Gulick* v. *Ward*, 10 N. J. Law, 87.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 860.)