EDWIN E. REED v. WALTER J. GOULD ET AL.

*Trial—Submission to jury—Change of theory.*

It is reversible error for the circuit judge to submit a case to the jury upon an entirely different theory than that claimed in the declaration, and upon which the case has been tried.

Error to Ingham. (Person, J.) Argued October 13, 1892. Decided October 27, 1892.

Trover. Defendants bring error. Reversed. The facts are stated in the opinion.

*Cahill & Ostrander,* for appellants.

*Q. A. Smith,* for plaintiff.

DURAND, J. This is an action of trover.

The declaration alleges that on March 7, 1888, the plaintiff and one Mark S. Jacobs were copartners in a retail grocery business at Williamston, under the firm name of Reed & Jacobs, and, as such, were the owners of the stock; that in conducting their copartnership business they bought goods of W. J. Gould & Co., who are the defendants in this action; that on the date above mentioned, and in the absence of the plaintiff from Williamston, his said partner, Mark S. Jacobs, turned over and delivered into the possession of the defendants all the stock of goods, wares, and merchandise, in payment of certain demands of W. J. Gould & Co. against the firm of Reed & Jacobs, and also for a further consideration of $384, paid by said defendants to said partner, Mark S. Jacobs. Each count of the declaration alleges substantially that the plaintiff, who was a married man and a householder, was lawfully and individually possessed of an exemption in said stock of goods to the amount of $250, and which right the

defendants denied, contrary to the provisions of section 7686, How. Stat.

In order that there might be no doubt as to the claim which plaintiff made in his declaration, plaintiff's counsel, in opening the case to the jury, used this language:

"This suit is brought for the exemption—$250—which we claim under the law he is entitled to, and that he [Jacobs] could not surrender this over to Mr. Gould, or anybody else, so as to deprive him of it. Mr. Reed made suitable demand of Mr. Gould and the firm there for his exemption in Detroit, and was refused, and he brought this suit to get his $250 exemption that he thinks Mr. Jacobs could not deprive him of, and that is what the suit is for; and, of course, if he should recover it, the recovery will be for the $250 and interest on it at 7 per cent. from the time they took it and converted it."

In order to still further remove all doubt as to the claim made by the plaintiff in his declaration, and after some discussion as to the introduction of certain testimony, his counsel stated, and the statement does not seem to have met with any objection from any one, as follows:

"Let the record show that defendants consent that the amendment be made at our convenience in the original, by adding to each count the following: 'Contrary to the provisions of section 7686, How. Stat.'"

The case was tried by the learned counsel upon both sides upon this theory, and upon no other. After the testimony was all in, the learned circuit judge submitted the case to the jury upon an entirely different theory; and, in so far as it is necessary for the purposes of this case, we quote from his charge to the jury:

"A partner, as well as an individual, has by the law certain exemptions; that is, a certain amount of property is by the law practically set aside for the use of the debtor and his family. But that exemption exists as against levy by execution and as against a forced sale. In my judgment, it don't apply to this case. The exemption to which one partner is entitled is not an exemption against the

legal acts of the other partner. In the final settlement of a partnership stock or partnership interests as between the partners the property is sold to pay the debts regardless of the exemption, and in a case where the one partner has a right to dispose of the partnership goods there is no exemption as against his right; so the question of exemption is not for your consideration, in my view of the law.

"As has been stated to you by able counsel, the right which each partner has in the partnership business is a right to further that business in the interests of the partnership and in the line of the business. No one partner has a right to destroy the business intentionally. In my judgment, exigencies may arise in the course of a partnership whereby one partner is authorized to dispose of the whole partnership stock. I am inclined to think that he may do it for the purpose of honestly paying the debts of the firm, but no one partner has a right to dispose of the partnership stock and business, so far as I now can think, for any other purpose. No one partner has a right to dispose of the partnership stock for the purpose of defrauding or injuring his copartner. I shall hold, for the purpose of this action, that in case one partner does intentionally dispose of the stock for the purpose of injuring his copartner, and if the purchaser joins with him in that intent and purpose, the remaining partner would have the right of action which has been brought here.

"Now, the question which I shall leave to you is the question of fraud, and no other. If Mr. Jacobs disposed of these goods and this stock to the defendants with the intention and for the purpose of defrauding his partner, Reed, and not with the honest intention and purpose of paying the debts of the firm, and if Mr. Gould, acting for the defendants in that transaction, knew or understood that the purpose of Jacobs was to fraudulently dispose of this stock of goods, then the plaintiff is entitled to recover. If Jacobs, intending fraud and a fraudulent disposition of the goods, did not dispose of them with an honest intention of paying the debts, and if Gould knew that that was his purpose, and took advantage of it for the purpose of collecting his debt, I shall hold that the plaintiff is entitled to recover; because it was not a simple turning over of the goods in payment of the debt. It went beyond that, and was a sale for a consideration above the indebtedness. But if Gould was not aware of any fraudulent intent on the part of Jacobs,—and, of course, he could not be if

Jacobs did not have any,—or if Jacobs did have a fraudulent intent, and Gould was not aware of it, but took this stock of goods for the honest purpose of recovering or securing the indebtedness to his firm, then I hold that the plaintiff cannot recover; that Gould was authorized to so take the stock of goods and buy them with the honest intention of securing and getting the debt due his firm."

The cause was submitted to the jury upon this theory, and they found a verdict for the plaintiff in the sum of $317.46. Upon this portion of the charge the defendants assign error.

We think the learned circuit judge was wrong in submitting the cause to the jury upon the theory he adopted in his charge to them. The declaration claimed, and the case was tried to the end, upon an entirely different theory, and one in no wise connected with that adopted by the court. If a party is legally entitled to recover for an alleged wrong, it must be in a proceeding reasonably adapted to the purpose, or upon pleadings framed in such a manner as to warrant the particular remedy sought for; and a cause should not be submitted to a jury upon a theory not germane to the pleadings, or merely on account of certain equitable considerations which the trial may have disclosed, but which a party can only obtain in such a proceeding or upon such pleadings as fairly, logically, and legally furnish the court with a basis upon which to grant the remedy which it is called upon to give.

For the errors stated the judgment of the circuit court is reversed, and a new trial granted. Defendants will recover the costs of this Court.

The other Justices concurred.