EDWIN E. REED v. WALTER J. GOULD ET AL.

[See 93 Mich. 359.]

*Partnership—Fraudulent sale by one member of firm—Remedy at
law.*

1. One partner cannot maintain an action on the case to recover
damages from a purchaser from the other partner of the
partnership property in fraud of the plaintiff's rights.
2. The non-joinder of the other partner need not be pleaded,
as the action cannot be maintained in the joint names of
the partners, the remedy being in equity.

Error to Ingham. (Person, J.) Submitted on briefs
April 18, 1895. Decided May 21, 1895.

Trover. Defendants bring error. Reversed. The
facts are stated in the opinion, and in 93 Mich. 359.

*Cahill & Ostrander,* for appellants.

*Smith, Lee & Day,* for plaintiff.

MONTGOMERY, J. This case was before the Court at
the October term, 1892, and the decision of the Court is
found reported in 93 Mich. 359. As the case was then
presented, the action was one in which the plaintiff sued
to recover the value of his exemptions in a stock of
goods belonging to the firm of Reed & Jacobs, which had
been transferred to the defendants, and the judgment
was reversed, on the ground that the circuit judge sub-
mitted the case to the jury upon a different theory than
that claimed in the declaration, and upon which the case
was tried. After the case was remanded, the plaintiff
amended his declaration, and, upon a second trial,

recovered against the defendants, upon the ground that the sale of the copartnership property of Reed & Jacobs, and its transfer to defendants, in satisfaction of their debt and for a money consideration received by Jacobs, was in fraud of plaintiff's rights. The plaintiff recovered a verdict of $1,000, and after moving for a new trial, which was refused, the defendants brought error.

The case is submitted upon three propositions urged by defendants: ·

1. That there was no sufficient proof to show that there was any fraud in the sale of the goods by Jacobs to defendant.

2. That plaintiff has been guilty of such laches as debars him from now asserting such fraud.

3. That this action, by this sole plaintiff, cannot be maintained in a court of law, but that his remedy is in equity.

In the view we take of the case, it is unnecessary to consider the first two points, as we are satisfied that the plaintiff cannot maintain this action at law, even if it be conceded that there was testimony fairly tending to show fraud, and that the plaintiff's laches have not been such as to bar his remedy, as matter of law. This case well illustrates some of the difficulties in the way of applying the remedy which the plaintiff has sought. The theory is that the plaintiff's partner was guilty of a fraudulent disposition of the assets of the firm. The court below could find no safer or other rule of damages than to permit a recovery by the plaintiff of the full value of the property disposed of, except the books of account, which were not in controversy. We are unable to conceive upon what principle this should be permitted. The transfer was undoubtedly effectual so far as related to the interest of Jacobs in the property. *Wells v. Mitchell,* 1 Ired. 484; *Blaker v. Sands,* 29 Kan. 551; *Kingsbury v. Tharp,* 61 Mich. 216, 225.

A distinction is to be taken between a mere possessory action and an action to recover damages for the wrong.

The defrauded partner may treat a fraudulent sale as void, and reclaim the property; or he may have his appropriate possessory action; and certainly, in the absence of a plea of non-joinder, he can maintain this action without joining his copartner. *Hutchinson v. Dubois*, 45 Mich. 143. But does it follow that in an action at law for damages the rights of the parties can be worked out? We think not. The question has usually arisen in cases in which the copartner brought suit, including, as plaintiff, the partner who had been guilty of the wrong. In these cases the remedy has been pointed out, and held to be in equity. A leading case is *Jones v. Yates*, 9 Barn. & C. 532, in which case Lord Tenterden said:

"We are not aware of any instance in which a person has been allowed, as plaintiff in a court of law, to rescind his own act, on the ground that such act was a fraud on some other person, whether the party seeking to do this has sued in his own name only or jointly with such other person. * * * The defrauded partner may perhaps have a remedy in equity, by a suit in his own name, against his partner and the person with whom the fraud was committed. Such a suit is free from the inconsistency of a party suing on the ground of his own misconduct."

See, also, *Estabrook v. Messersmith*, 18 Wis. 545; *Ellis v. Allen*, 80 Ala. 515; *Homer v. Wood*, 11 Cush. 62,—in which latter case the holding of the court is quite as applicable to a suit by an individual partner as to one instituted by the firm. The court say:

"It may seem hard and inequitable that the innocent party, who is himself the victim of his copartner's fraud, should be thus shut out from his legal remedy. But the legal connection of copartners is so peculiar and intimate that their rights and remedies in a court of law are necessarily limited by the relation which they hold to each other. They cannot sue each other. They cannot maintain an action against one of their copartners who is indebted to them in his individual capacity, nor against another firm of which one of their copartners is

also a member. These and similar restrictions are the unavoidable results of the technical rules of law in their application to the mutual relations of copartners, and serve to show that, in a court of law, the rights of copartners cannot always have corresponding and adequate remedies. These must be often sought in a court of equity only."

See, also, Story, Partn. § 238; *Craig v. Hulschizer*, 34 N. J. Law, 363; *Piercy v. Fynney*, L. R. 12 Eq. 69; *Miller v. Price*, 20 Wis. 117; 17 Amer. & Eng. Enc. Law, 1247, 1248.

In *Wells v. Mitchell, supra,* the question was directly presented whether the defrauded partner may maintain an action in his own name, and, principally upon the authority of *Jones v. Yates*, it was held that he could not. The court, in deciding the case, use the following language, in which the distinction between tenants in common and partners is very clearly made:

"If a tenant in common destroy the chattel, or, as some think, if he sell the whole, his fellow may have trover or trespass against him. But it is clear that between partners those actions do not lie; nor, indeed, any others at law. Everything rests in confidence between partners, and lies in account while the partnership continues; and, if one of them sell or take or destroy the joint effects, all that can be done is to charge to him the value in account. The interest of partners in particular chattels cannot be determined by the number of partners or their shares of the profits; nor can one of them claim a division of specific articles. * * * If this action had, therefore, been brought against the fraudulent partner himself, it must have failed; and it might be on the clearest ground of right and justice. So, for the same reason, it must against the vendee of that partner. As respects the right to the thing sold, the assignee stands in the shoes of his assignor. Besides, it is impossible to say what damages the plaintiff ought to recover. In an action by one tenant in common, he has only to show his interest, which is determinate, as a quarter or an half; and, no plea in abatement being put in, the jury apportions the damages accordingly. · But, as already mentioned, the interests of partners are complicated, and

depend upon the result of all the accounts of the partnership. To take the accounts a court of law is unfit, and, indeed, incompetent; and therefore the jury cannot apportion the damages which, as a partner, the plaintiff ought to recover. As a court of law thus finds itself incapable of ascertaining the rights of the parties and doing justice between them, it ought not to assume the jurisdiction for any purpose, but leave the whole subject to that tribunal which can administer exact justice in the premises."

We think this reasoning peculiarly applicable to the present case. It is contended that the case of *Grimes v. Bowerman*, 92 Mich. 258, is an authority sustaining plaintiff's right. The case is clearly distinguishable. Grimes charged a conspiracy between Fleming and defendant antedating the formation of the copartnership, and counted, not only upon fraudulent acts of the copartner and defendant, but upon a malicious suit by defendant in which not only plaintiff's interest in the firm was seized, but his individual property as well. The Court, by Mr. Justice McGRATH, said:

"We are of opinion that, under the peculiar facts of this case, plaintiff was entitled to maintain his action."

In the present case the firm property alone was involved, and, if the sale was void, the firm, and not Reed alone, was entitled to the property. As has been seen, he might have taken possession, but it does not follow that he can recover in his own right, in an action at law, the full value of the goods. It may appear on an accounting that he has no interest in the property, and that the full value has been applied to the extinguishment of copartnership debts.

A plea of non-joinder was not necessary, for, if Jacobs had joined, it would bring the case directly within the cases above cited, and the action could not be maintained. The appropriate remedy is in equity.

Judgment reversed, and a new trial ordered.

The other Justices concurred.