Decided 16 August, 1901.

## CARSON v. LAUER.

[65 Pac. 1060.]

TRIAL—INSTRUCTIONS ON MATTERS NOT IN ISSUE.

Juries must not be instructed on issues not found in the pleadings, and to do so is reversible error.

From Lane: JAMES W. HAMILTON, Judge.

Action for damages by Isaac Carson against E. H. Lauer and another, as administrators, in which there was a judgment for defendants, from which there was an appeal. REVERSED.

For appellant there was a brief and an oral argument by *Mr. W. C. Hale.*

For respondents there was a brief and an oral argument by *Mr. Geo. B. Dorris.*

MR. JUSTICE MOORE delivered the opinion.

This is an action to recover damages for the alleged breach of an agreement. The transcript shows that Charles Lauer, having secured a decree foreclosing a mortgage on certain lands in Lane County, Oregon, and recovering the sum of $3,597.73 in the suit therefor, with interest, attorney's fees, costs, etc., entered into a contract with the plaintiff herein by the terms of which he agreed, in consideration of the receipt of $1,200, and the payment of the remainder of said debt in one year, to assign to him all his interest in said decree; that he would cause the premises to be sold by the sheriff in two tracts, one of which had been conveyed by the mortgagors, S. C. and George M. Carson, to the plaintiff, and bid on each one half of said debt, taking the certificates of sale in his own name, as security for the remainder due; that, if no redemption of the mortgagors' part were made, he would, upon securing the sheriff's deed therefor, convey the whole premises to the plaintiff, who was to execute to him a mortgage thereon to secure the sum due, but if at said sale a third party should secure the mortgagors' part, by paying more than one half of said debt, the sum so received should be credited to plaintiff's account, or, if such part were redeemed, he would credit the money paid therefor in the same manner. The sheriff sold said property to Lauer for the sums of $1,932 and $2,205 for the plaintiff's and the mortgagors' shares, respectively; and at the time of sale there was growing on the latter's part a crop of wheat, to which they were entitled to a share as rent of the premises. Lauer assigned the certificate of sale of the mortgagors' part to one J. A. Bushnell, who secured and retained the landlords' share of said wheat. Bushnell and Lauer then assigned said certificates of sale to George and Edward Bailey in trust for plaintiff. Lauer died intestate, and the defendants, E. H. and Sarah Lauer, were appointed administrator and administratrix, respectively, of his estate; and, having duly qualified, they entered upon the discharge of their trust. It is alleged in the complaint that Lauer, in violation of his agreement, bid for the mortgagors' part of the land more than one half of said

debt, without plaintiff's knowledge or consent, and that, in violation of his contract, Lauer assigned to Bushnell said certificate of sale, whereby plaintiff lost the rent, and was compelled to pay the latter the sum of $2,540, to secure a reassignment of the certificate, and was damaged thereby in the sum of $752.05; that he presented a demand for said sum, as a verified claim against the decedent's estate, to the defendants, who rejected it; that no redemption from said sale was ever made, and that the time therefor has expired; that plaintiff at all times was able, ready, and willing to keep his part of the agreement, but was prevented from performing the whole thereof by Lauer. The defendants, after denying the material allegations of the complaint, averred that the contract entered into between the plaintiff and Lauer was modified by their mutual agreement, in pursuance of which the mortgagors' part of the land was sold for half of the principal debt and the entire costs. As a second defense, it is alleged that Bushnell, having secured from mortgagors their right thereto, redeemed their part of the land within the time prescribed by law, whereby he became entitled to said rent, and that he assigned said certificate to George and Edward Bailey, with plaintiff's consent. The reply having denied the material allegations of new matter in the answer, a trial was had, resulting in a verdict for the defendants; and, judgment having been rendered thereon, the plaintiff appeals.

The court instructed the jury as follows: "Now, the defendants set forth in their answer that the assignment of the certificate of sale was done by and with the consent of the plaintiff. That makes an issue for you to try, and to determine the fact in relation to the matter from the testimony. It was in the power of the parties to change the terms of the agreement. If this was done with the consent of the plaintiff after the agreement, and Mr. Lauer made the assignment with the consent of the plaintiff, then the plaintiff could not recover in this action." An exception having been taken to this portion of the charge, it is contended by plaintiff's counsel that the court erred in giving it. It is not negatived in the complaint

nor alleged in the answer that Lauer assigned the certificate of sale to Bushnell with plaintiff's consent. The court therefore assumed as true a fact that does not exist. This was undoubtedly the result of a hasty examination of the pleadings, for the plaintiffs, anticipating a defense upon that ground, alleged in the complaint "that, upon the sale of said tracts of land under said foreclosure, the said Charles Lauer, without the knowledge or consent of this plaintiff, and in violation of his agreements in said contract contained, bid on said tracts and purchased the same for unequal amounts, as hereinbefore set forth"; and this averment is denied in the answer, which also contains the following allegations: "That afterwards, to wit, on the twenty-first day of March, 1898, the said Charles Lauer, by and with the request and consent of the plaintiff, transferred the certificate of sale of the plaintiff's half of said land to one George Bailey and Ed Bailey; * * * that afterwards, to wit, on the twenty-first day of March, 1898, the said J. A. Bushnell did transfer the certificate of sale of the said S. C. Carson tract, to the said George and Ed Bailey, by and with the voluntary consent and wish of said plaintiff." These are the only averments to be found in the pleadings in respect to plaintiff's alleged consent, from which it will be seen that, while the alleged modification of the contract in respect to Lauer's bidding unequal sums for the separate tracts of land was put in issue, no issue existed in respect to the assignment of the certificate of sale by Lauer to Bushnell with plaintiff's consent. In *Howell* v. *Sewing Machine Co.* 12 Neb. 177 (10 N. W. 700), it was held that when, in consequence of a misstatement of the pleadings, an instruction has a tendency to confuse or mislead the jury, it is good ground for a new trial. To the effect that a misstatement by the court to the jury of the issues in a case on trial before them, whereby it is probable that the jury are confused or misled to the prejudice of a party, see *Stafford* v. *City of Oskaloosa,* 57 Iowa, 748 (11 N. W. 668); *Harley* v. *Merrill Brick Co.* 83 Iowa, 73 (48 N. W. 1000); *Marquette, etc. Ry. Co.* v. *Marcott,* 41 Mich. 433 (2 N. W. 795); *Reed* v. *Gould,* 93 Mich. 359 (53 N. W. 356); *Klosterman* v.

*Olcott,* 27 Neb. 685 (43 N. W. 422). The rule is well settled in this state that an instruction upon matters not put in issue by the pleadings is erroneous and furnishes cause for reversal: *Hayden* v. *Long,* 8 Or. 244; *Marx* v. *Schwartz,* 14 Or. 177 (12 Pac. 253); *Woodward* v. *Oregon Ry. & Nav. Co.* 18 Or. 289 (22 Pac. 1076); *Buchtel* v. *Evans,* 21 Or. 309 (28 Pac. 67); *Coos Bay R. Co.* v. *Siglin,* 26 Or. 387 (38 Pac. 192); *Pearson* v. *Dryden,* 28 Or. 350 (43 Pac. 166). The court having erred in giving the instruction complained of, the judgment is reversed and a new trial ordered.     REVERSED.

Argued 11 November; decided 9 December, 1901; rehearing denied.