# JAMES GORDON v. NEW ENGLAND FURNITURE & CARPET COMPANY.[1]

May 10, 1912.

Nos. 17,507—(77).

**Dismissal of action.**

Action for conversion. The answer alleged that upon plaintiff's default in payment under a contract of sale, defendant took the property into its possession, and prayed that defendant be adjudged to have the possession of the property. *Held:* The trial court did not err in granting a motion to vacate the judgment entered and for an order dismissing the action. The answer did not present a counterclaim. [Reporter.]

Action in the district court for Hennepin county to recover $724 for conversion of household goods. The reply was a general denial. The case was tried before John Day Smith, J., who made findings and as conclusion of law ordered judgment in favor of defendant for $155. Plaintiff's motion to dismiss the action was granted, and defendant appealed from the order of dismissal. Affirmed.

[1] Reported in 135 N. W. 1135.

*Stevens & Stevens*, for appellant.
*M. A. Jordan*, for respondent.

PER CURIAM.

Action for the conversion of personal property. Defendant interposed in defense that the property alleged to have been converted was long prior thereto conditionally sold to plaintiff by defendant, under a contract by the terms of which the title and ownership remained in defendant until the purchase price thereof was fully paid. Default in payment was alleged, and that by authority of the contract defendant took the property back into its possession. The demand for judgment was that plaintiff take nothing by the action and that defendant have judgment that it is the owner of the property and entitled to the possession of the same.

When the cause came on for trial, plaintiff attempted to dismiss the action; but defendant objected, and insisted upon the right to a determination of its ownership of the property as alleged in the answer, and in the absence of plaintiff's attorney, who was represented by some one not familiar with the case, who was requested to appear and ask for the dismissal, the court heard defendant's evidence and ordered judgment in its favor, which was subsequently entered. Thereafter, and owing to the absence from court of plaintiff's counsel and a misunderstanding as to the intention of plaintiff's attorney relative to the dismissal, the matter was taken before the court upon consent, and plaintiff's counsel was permitted to move to vacate the judgment and for an order of dismissal. This proceeding was informal and by the mutual consent of both parties. The motion was submitted, and the sole question presented was whether plaintiff, in view of the allegations of defendant's answer, could dismiss the action as a matter of right. The court held that he could, and ordered the judgment vacated and the action dismissed. Defendant appealed.

It is clear that the trial court was right. Defendant's answer did not present a counterclaim, but rather a justification for the alleged conversion. In other words, the answer simply confessed and avoided the alleged wrong. This did not preclude the right of plaintiff to dismiss.

Order affirmed.