## FRANK E. TODD v. HENRY M. MAYER.[1]

### June 16, 1922.

### No. 22,782.

**Dismissal of case error.**

Error for court to dismiss case upon the merits when case was reached for trial and to grant judgment for costs and disbursements. [Reporter.]

Action in the district court for Blue Earth county to recover $5,000 and to require defendant to execute and deliver his mortgage upon the premises for $8,500. Plaintiff's motion to strike out the answer as sham and frivolous was denied. Defendant's motion for a dismissal of the action on its merits was granted, Comstock, J. Plaintiff's motion for a new trial was granted on condition that he pay $90 attorney's fees and $25 as terms. The conditions were not complied with and plaintiff appealed from the judgment. Reversed.

*C. J. Laurisch*, for appellant.

*F. P. Voter, B. Ready, William F. Hughes* and *J. A. Baker*, for respondent.

PER CURIAM.

Action for specific performance of a contract for the sale of 200 acres of land in Nicollet county, at the agreed price of $33,000, payable as follows: $4,000 at the time of the execution of the contract, which was paid by the conveyance of 13 village lots in the state of Nebraska; $5,000 March 1, 1921; $15,500 by the assumption of a mortgage thereon and $8,500 by a second mortgage back on the premises. It is alleged in the complaint that plaintiff has in all things kept and performed his part of the agreement, but that defendant refuses to make payment of the sum of $5,000 as provided in the contract, and to execute a mortgage or to complete and perform his part of the contract. The answer contains a general denial and specifically denies that plaintiff is or ever was the owner of the land in question.

The case being upon the calendar for the June, 1921 term, was reached for trial in its order on September 14, 1921, at which time counsel for the respective parties appeared. Plaintiff moved for a continuance, which was denied, whereupon counsel for defendant asked that the action be dismissed with costs. The court granted the motion and ordered that the

[1]Reported in 188 N. W. 735.

action be dismissed upon its merits, and thereafter filed a written order to the same effect. No evidence was offered. On September 22, 1921, judgment was entered dismissing the action on its merits and for defendant's costs and disbursements.

On September 27 plaintiff moved for a new trial upon the ground, first, that the order made and filed by the court is not justified by the evidence and is contrary to law; and, second, that there were irregularities in the proceedings of the court whereby plaintiff was deprived of a fair trial, which motion was granted upon condition that the plaintiff pay $90 as attorney's expenses and $25 as terms, and, in case said amounts were not paid, then the motion for a new trial was denied. The terms imposed upon plaintiff were not complied with. This appeal is from the judgment.

G. S. 1913, § 7825, paragraph 3, provides that an action may be dismissed without a final determination of its merits by the court where, upon the trial and before final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his cause of action or right to recover.

Under the circumstances disclosed by the record, it was error to order judgment on the merits.

Reversed.