## H. H. ENLOE v. H. A. RAGLE.

(Filed 31 January, 1928.)

**1. Pleadings—Demurrer—Nature of Grounds.**

A demurrer to pleadings may be taken to the whole complaint or to any of its allegations of causes of action, but will not be sustained if the pleadings, liberally construed are sufficient to sustain the causes therein, to which such objection is made. C. S., 512.

**2. Pleadings—Demurrer—When Can Be Made—Dismissal.**

A demurrer that the allegations of the complaint are insufficient to constitute a cause of action is equivalent to a motion to dismiss the action, and may be made at any time, even in the Supreme Court, or the Court may, *ex mero motu* take cognizance of the fact, and dismiss the action.

**3. Partnership—Mutual Rights, Duties, and Liabilities—Actions Between Partners.**

While ordinarily one partner cannot recover of another on account of a partnership, except after final settlement and accounting, there are exceptions when one partner has destroyed the *corpus* of the partnership, or converted it to his own use to the damage of the other.

**4. Pleadings—Demurrer—Nature of Grounds—Partnership—Termination —Accounting.**

Upon allegations in the complaint that a partnership existed between the parties, that the partnership solely consisted in the ownership and operation of two theatres, and that the right of the partners had been adjusted between themselves, but that contrary to the instructions of one of the partners the other had sold the theatre buildings at a greatly inadequate price, had received the purchase price and converted the same to his own use: *Held*, sufficient evidence of a wrongful conversion that would terminate the partnership, and a demurrer of the defendant, that an accounting first be had, is bad.

APPEAL by plaintiff from *Sink, Special Judge,* at July Term, 1927, of SWAIN. Reversed.

*Frye, Randolph & Jones for plaintiff.*
*Bryson & Bryson for defendant.*

CLARKSON, J. A general demurrer will not be allowed. A demurrer must distinctly specify the grounds of objection or it may be disregarded. It may be taken to the whole complaint or to any of the alleged causes of action stated therein. C. S., 512. A demurrer to the jurisdiction or that the complaint does not state facts sufficient to constitute a cause of action, will be treated as a motion to dismiss, and can be interposed *ore tenus* at any time, even in the Supreme Court. The Supreme

Court may raise the question *ex mero motu*. *Seawell v. Cole,* 194 N. C., p. 546. In this Court defendant, in writing and *ore tenus,* distinctly specified that the complaint does not state facts sufficient to constitute a cause of action. "(a) It alleges a partnership between plaintiff and defendant; (b) It fails to disclose a dissolution of said partnership; (c) It fails to allege a conversion of the partnership assets by the defendant or facts that would in law constitute a conversion; (d) It fails to allege an account of the partnership matters as between the said partners; (e) It is an action brought by one partner as against his copartner for partnership assets." The action will be considered on the demurrer as filed in this Court. The demurrer, although now in this Court, specifies the ground of objection cannot be sustained and must be reversed.

The principle set forth in *Seawell v. Cole, supra,* at p. 547, and repeatedly held by this Court: "But when a case is presented on demurrer, we are required by the statute, C. S., 535, to construe the complaint liberally, 'with a view to substantial justice between the parties,' and in enforcing this provision we have adopted the rule 'that if in any portion of it or to any extent it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn or however uncertain, defective and redundant may be its statements, for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader.' *S. v. Bank,* 193 N. C., at p. 527, and cases cited. *Foy v. Stephens,* 168 N. C., p. 438; *S. v. Trust Co.,* 192 N. C., 246."

In the present action the complaint, together with the amended complaint, alleges a partnership in which plaintiff and defendant were equally interested in two theatres, and all necessary equipment, etc., owned and operated under the name of the Alcoa Theatre Company; that operation of said theatres were suspended; that a settlement was had "so that at the suspension of the two theatres as aforesaid all dealings connected with said partnership were closed and the plaintiff and defendant were square with each other, and the partnership owed no debts to creditors, and said theatres were never thereafter operated by said partnership"; that it was agreed between plaintiff and defendant that the two theatres and equipment should be sold under certain conditions, "but in utter disregard and in violation to the agreement between plaintiff and defendant, the defendant sold said two theatres, without notifying plaintiff, for the sum of $1,000, which was much less than the real value of said theatres and their equipment, and collected the money for the sale of the same, and has since wrongfully and unlawfully converted all of said money to his own use and has failed and

refused, and still refuses, to account to the plaintiff for any part of the same; that the defendant disposed of all the property belonging to the Alcoa Theatre Company, or to the plaintiff and defendant, and that said sale destroyed the partnership entity, and the plaintiff is advised and believes that this act of the defendant dissolved all partnership relatións theretofore existing between plaintiff and defendant; that the said two theatres and equipment were reasonably worth $2,000, and that the defendant by his unlawful act and disobedience to the will of the plaintiff in selling said property is liable to the plaintiff for the real value of the property, to wit, $2,000," and demands judgment for $1,000, the one-half value of the property.

This Court, *Brogden, J.,* in *Pugh v. Newbern,* 193 N. C., at p. 260, citing numerous authorities, held: "The general rule is that one partner cannot sue another partner at law until there has been a complete settlement of the partnership affairs and a balance struck." At p. 261: "There are, however, well established exceptions to this general rule. A partner may maintain an action at law against his copartner upon claims growing out of the following state of facts: . . . (7) When the joint property has been wrongfully destroyed or converted."

Construing the complaint liberally, according to the rule laid down in the *Seawjell case, supra,* the demurrer admits that there was a partnership; that the plaintiff was equally interested in the partnership property with defendant; that there was a full and complete settlement of all the debts of the partnership; that the net balance was divided between plaintiff and defendant—they "were square with each other"; that nothing was left except the theatres and equipment—practically a dissolution. It was agreed they were to be sold under certain condition, but the defendant sold all the partnership property belonging to the Alcoa Theatre Company and converted the proceeds of sale to his own use and refused to pay over to the plaintiff his part of the proceeds of sale, and the defendant is now justly due the plaintiff one-half the value of the partnership property.

In *Newby v. Harrell,* 99 N. C., at p. 156, it is said: "Among the exceptions to the general rule is the right of one partner to maintain an action against another for the destruction of the joint property, or its wrongful conversion. *Lucas v. Wasson,* 3 Dev. (14 N. C.), 398; Collyer on Partnership, sec. 382." *Cowan v. Buyers,* 3 Tenn., 53, 5 Am. Decisions, p. 668.

The *Newby case, supra,* is cited with approval in *Doyle v. Bush,* 171 N. C., p. 10. In that case Doyle and Bush were tenants in common, equal interest in a race horse named *Farmer Gentry.* The horse was in the possession of the defendant, and the jury found defendant sold him for $1,200, without consulting plaintiff. When plaintiff heard the horse

was sold by defendant he wrote him, and defendant answered he had received $400, and refused to pay plaintiff any part of the money, claiming they were not tenants in common in the horse, and converted the money to his own use. Plaintiff sued defendant for the wrongful conversion of the horse or for the wrongful conversion of the proceeds of the sale. A verdict of $600 for plaintiff was sustained.

20 R. C. L., at p. 931-2, says: "It has also been ruled that one partner may maintain an action against his copartner for the destruction of the joint property, or its wrongful conversion, or for injury to his individual property used in the business if such injury is the result of the negligence or tort of the copartner," citing *Newby case, supra*. Jaggard on Torts, Vol. 2, p. 732, lays down the following rule: "There are, however, circumstances which raise questions as to parties somewhat peculiar to conversion and trespass. Thus, as between cotenants, an action for conversion will not lie by one against the other, so far as the land is concerned. This is certainly true as to the legitimate use of the property; and the courts are averse to construing conduct of the tenant in common into an ouster. 'Short of destruction or something equivalent,' one tenant in common may exercise full rights of property over a chattel, in defiance of the wishes of the other coöwners. But any conduct on the part of a cotenant which amounts to an exclusion of the others from ownership renders him liable in conversion. A sale of the whole estate to a stranger is conversion; or the seizure of the whole common crop in denial of the rights of other cotenants." *Porter v. Alexander, ante*, 5.

The synopsis of the matter is well stated in note in *Frith v. Thomson*, 103 Kan., 395, 76 Lawyers Rep. Anno., 1918F, p. 1125: "The general rule, at least under the earlier decisions, based upon the theory that one partner cannot sue another at law for any matter growing out of the partnership except in an action for an accounting, which theory or rule is in turn founded upon the ground that until all of the affairs of the partnership are adjusted there can be no complete right of the parties as to any single transaction connected therewith—is that one partner cannot maintain an action for conversion of firm property against a copartner. It has also been said that this conclusion is due to the fact that possession is the foundation of an action for conversion, and that, generally speaking, all partners are equally entitled to possession. However, as subsequently shown, there are a number of exceptions to the general rule, as, for instance, where the firm property is so used or misused by one partner as to destroy it for partnership purposes and thus constitute an actual conversion and entitle an aggrieved partner to maintain trover for the conversion, or where the partnership venture involves but a single or a few transactions, and there are no complicated

accounts requiring equitable adjudication." In the note the *Newby* case is cited as a dictum, at p. 1127: "And see the dictum in *Newby v. Harrell* (1888), 99 N. C., 149, 6 Am. St. Rep., 503, 5 S. E., 284, to the effect that one partner may maintain an action against another for the destruction of the joint property, or its wrongful conversion." *Nixon v. Moore,* 194 N. C., p. 225, is not contrary to the view taken here.

Under the facts and circumstances of this case, we think the principle in the *Newby case* consonant with reason and justice—works no hardship—and the common-sense modern view.

For the reasons given the judgment below is

Reversed.