# BERNARD A. RUSCHOFF v. THEODORE A. WACHSMUTH.[1]

April 1, 1932.

No. 28,967.

*Bernard A. Ober* and *Frank L. Morrison,* for appellant.
*J. A. Mansfield* and *C. O. Wegner,* for respondent.

HOLT, J.

The complaint alleges that plaintiff was the owner of a meat market at 2505 Central avenue in Minneapolis consisting of "the stocks, goods, wares, merchandise, tools, fixtures, equipment, implements, cash, bills receivable and the business records of same," and that defendant on August 2, 1930, unlawfully, wrongfully, and maliciously took the same, deprived plaintiff of possession, and converted the same to his own use. The answer alleged that on the day in question plaintiff and defendant were and for some time prior thereto had been copartners conducting said meat market; that said partnership assets consisted of the property described in the complaint; that the partnership was terminated on said date; and that defendant was left in possession of the assets for the purpose of

[1]Reported in 242 N. W. 296.

liquidating and closing the affairs of the partnership. It is also alleged that two days thereafter defendant began an action against plaintiff for an accounting of the partnership business. The reply admitted the partnership, denied that it had been terminated by mutual consent or by action at law, and specifically denied that defendant was left in possession for the purpose of closing the affairs of the partnership. Defendant's motion for judgment on the pleadings was granted, and plaintiff appeals from the judgment of dismissal.

Plaintiff makes a claim that the motion should not have been entertained when not made until the opening of the trial; but no objection of that sort was made in the court below. As early as Horn v. Butler, 39 Minn. 515, 40 N..W. 833, the practice seems to have obtained to make such motion when the case is reached for trial.

The action is admittedly by a partner against his copartner for conversion of partnership property. The general rule is that such an action cannot be maintained. 47 C. J. p. 811, § 261, *Conversion.* See also 21 A. L. R. 121, under title VIII, *Tort actions between partners,* where the annotator says:

"The decided weight of authority is to the effect that, as a general rule, one partner cannot maintain trover or conversion against a copartner in respect to the firm property, where there has been no settlement of the partnership affairs or total destruction of the property, the theory being that each partner is entitled to the possession of the firm property, so that possession in either is not wrongful."

Among the cases cited in support of the quoted statement we refer to Bertozzi v. Collaso, 21 Ariz. 388, 188 P. 873, 21 A. L. R. 5; Dukes v. Kellogg, 127 Cal. 563, 60 P. 44; Reed v. Gould, 105 Mich. 368, 63 N. W. 415, 55 A. S. R. 453; Riddell v. Ramsey, 31 Mont. 386, 78 P. 597; Dalury v. Rezinas, 183 App. Div. 456, 170 N. Y. S. 1045 (affirmed without opinion in 229 N. Y. 513, 129 N. E. 896); Ledford v. Emerson, 140 N. C. 288, 52 S. E. 641, 4 L.R.A.(N.S.) 130, 6 Ann. Cas. 107. Plaintiff urges that there are exceptions to the

rule stated. So there are. Some of these are stated in 47 C. J. p. 812, § 261, above referred to. But here the complaint, instead of alleging facts which would permit plaintiff to sue his copartner for conversion of partnership property, conceals the fact that it is such property and that defendant is a copartner; and, even when the reply has to admit that the allegations of the answer to that effect are true, no attempt is therein made to plead any facts which would tend to bring the action within any exception recognized by the authorities.

Plaintiff cites Nygaard v. Maeser Fur Farms, Inc. 183 Minn. 388, 237 N. W. 7, but that was not conversion by a partner of partnership property. Enloe v. Ragle, 195 N. C. 38, 141 S. E. 477, is especially relied on. However in that case, recognizing the general rule above stated and as expressed in Pugh v. Newbern, 193 N. C. 258, 260, 136 S. E. 707, 58 A. L. R. 617, the complaint was held to state an exception, in that after alleging the existence of the partnership it alleged a settlement, that all partnership and affairs were closed, all debts paid, and an agreement that the only remaining partnership property, two theaters, should be sold under certain conditions, but that defendant in violation of said agreement sold them for $1,000, collected the money and converted the whole to his own use, and that said theaters were reasonably worth $2,000. The only other case cited is Frith v. Thomson, 103 Kan. 395, 397, 173 P. 915, 916, L. R. A. 1918F, 1123, where the transaction related to leases of certain tracts of land in which the plaintiff was to have an interest but which interest defendant thereafter denied plaintiff was to have. The court said that "there was a repudiation of the partnership relation and a denial that the plaintiff had any interest in the adventure and a wrongful appropriation of the firm assets, and for such a wrong an appropriate action at law is maintainable."

In the case at bar defendant avers his possession to be for liquidation purposes. Of course that is put in issue by the general denial in the reply, but there is nothing otherwise which pleads that the past partnership transactions are settled or closed so as to make an accounting unnecessary. The case at bar is not a partnership con-

fined to a single completed venture where defendant has converted all the profits as in White v. Jouett, 147 Ky. 197, 144 S. W. 55, and Chipley v. Smith (Tex. Com. App.) 292 S. W. 209. It is to be noted that this is simply a judgment of dismissal—not one on the merits as in Todd v. Mayer, 152 Minn. 556, 188 N. W. 735, cited by plaintiff.

The judgment is affirmed.