## HINELINE v. MINNEAPOLIS HONEYWELL REGULATOR CO. et al.

### No. 10240.

Circuit Court of Appeals, Eighth Circuit.

Aug. 15, 1935.

Adrian H. David, of Minneapolis, Minn. (Mortimer H. Boutelle, Robert J. Flanagan, and R. V. Gleason, all of Minneapolis, Minn., on the brief), for appellant.

Clark R. Fletcher, of Minneapolis, Minn. (Junell, Driscoll, Fletcher, Dorsey & Barker, of Minneapolis, Minn., on the brief), for appellees.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

The appellant, plaintiff in the court below, who will be so referred to in this opinion, in 1931 brought an action against Minneapolis Honeywell Regulator Company in the state district court for Hennepin county, Minn., to recover the value of services alleged to have been rendered that company at its request. The action was removed to the United States District Court for the District of Minnesota because of diversity of citizenship. It was for trial at the September, 1931, term. Upon the call of the calendar, the plaintiff announced the case for trial. There-

after, on October 1, 1931, the case was assigned to Judge Nordbye to be tried. The plaintiff then stated that he was not ready for trial and could not proceed. The defendant moved for a dismissal, and by order of court the case was dismissed without prejudice. In 1932 the plaintiff commenced another action upon the same cause of action in the same state court against the same defendant and Harold Sweatt, its vice president. This action the corporate defendant also removed to the federal court, asserting in its petition for removal that the defendant Sweatt, who was a citizen of Minnesota, had been joined for the sole purpose of preventing removal. A motion to remand was made, and denied on the ground that the joinder was fraudulent. Issues were joined, and the case was regularly upon the trial calendar of the court below for the September, 1934, term. On October 10, 1934, at a conference between Judge Nordbye and counsel, it was set for trial for October 15, 1934. The defendants prepared for trial. On October 11, 1934, the plaintiff filed a notice of voluntary dismissal, without prejudice, of his action. The notice was entitled in the state court and was directed to the clerk of that court, but was filed in the federal court. The day following, the defendants procured an order from the court below requiring the plaintiff to show cause why his notice of·dismissal should not be stricken from the files. A hearing was had. The notice was stricken, and the court directed that the trial take place on October 15, as arranged. On October 15, it was discovered that the plaintiff had filed another like notice of dismissal without prejudice. The court called the case for trial. The plaintiff did not appear. On motion of the defendants, the second notice of dismissal was stricken from the files; a jury was impaneled and the case was submitted upon evidence introduced by the defendants. The court directed a verdict, and ordered judgment for the defendants for their costs. From the judgment entered upon the verdict, this appeal is taken.

The plaintiff contends that he had the absolute right to arbitrarily dismiss without prejudice his second case, and that he did so, but that, even if it should be held that he did not or could not voluntarily so· dismiss, nevertheless the court was without power to dispose of the case upon its merits in his absence. The defendants contend that the plaintiff had no right to arbitrarily dismiss, without prejudice, his second case, and that the procedure adopted by the court below was proper.

The questions presented are purely questions of Minnesota practice and procedure. This by virtue of the Conformity Act, 28 U. S. C. § 724 (28 USCA § 724). Barrett v. Virginian Railway Co., 250 U. S. 473, 476, 39 S. Ct. 540, 63 L. Ed. 1092; Falvey v. Coats (C. C. A. 8) 47 F.(2d) 856, 89 A. L. R. 1; Iowa-Nebraska Light & Power Co. v. Daniels et al. (C. C. A. 8) 63 F.(2d) 322, 324. Since there appears to be no Minnesota case precisely in point, we are obliged to some extent to follow our own interpretation of the controlling statute of that state. Davies, Sheriff, et al. v. Mills Novelty Co. (C. C. A. 8) 70 F.(2d) 424, 426; Kansas City, Mo., v. Johnson et al. (C. C. A. 8) 70 F.(2d) 360, 361; Crawford County Trust & Savings Bank v. Crawford County, Iowa, et al. (C. C. A. 8) 66 F.(2d) 971, 975; New York Life Ins. Co. v. McCreary (C. C. A. 8) 60 F.(2d) 355, 359.

Mason's Minnesota Statutes 1927, § 9322, provides:

"An action may be dismissed, without a final determination of its merits, in the following cases:

"1. By the plaintiff at any time before the trial begins, if a provisional remedy has not been allowed, or a counterclaim made or other affirmative relief demanded in the answer: Provided, that an action on the same cause of action against any defendant shall not be dismissed more than once without the written consent of the defendant or an order of the court on notice and cause shown;

"2. By either party, with the written consent of the other, or by the court upon the application of either party after notice to the other and sufficient cause shown, at any time before trial;

"3. By the court where, upon the trial and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his cause of action or right to recover;

"4. By the court when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal;

"5. By the court on the application of some of the defendants, when there are others whom the plaintiff fails to prosecute with diligence.

"All other modes of dismissing an action are abolished. The dismissal mentioned in the first two subdivisions is made by an entry in the clerk's register and notice to the adverse party. In all cases other than those mentioned in this section, the judgment shall be rendered on the merits."

█ It is evident that we are concerned with paragraph 1 of this section, since what the plaintiff did was done before trial. That paragraph, as we read it and as it appears to have been interpreted by the Supreme Court of Minnesota, gave to the plaintiff the right to one arbitrary dismissal, but denied him the right to more than one.

"The statute (section 9322) grants a plaintiff, frequently to the prejudice and much at the expense of the defense, the indulgence of one arbitrary dismissal. Much could be said in favor of giving a defendant so minded the right to force a decision on the merits after issue is once joined. Compare McElroy v. Board of Education, 184 Minn. 357, 238 N. W. 681. But the statute says otherwise, with exceptions clearly stated. The latter are not to be cut down by forced construction or too narrow application." Burt v. State Bank & Trust Co. of Redwood Falls, 186 Minn. 189, 191, 242 N. W. 622, 623.

█ It thus appears that a plaintiff who has enjoyed his one arbitrary dismissal and has recommenced his action is then substantially in the same position as one against whom a provisional remedy has been allowed, a counterclaim made, or affirmative relief demanded in the answer. Walker v. St. Paul City Ry. Co., 52 Minn. 127, 130, 53 N. W. 1068. He has an action which he cannot dismiss except upon its merits unless for cause shown or by consent of the defendant.

█ The plaintiff here argues that he did not voluntarily dismiss his first case; that he merely refused to try it and the court dismissed it on motion of the defendant. The dismissal was an arbitrary dismissal without prejudice and was brought about by the plaintiff's own voluntary act before trial. Upon the plaintiff's refusal to proceed the first time, the court had no power to do anything except dismiss without prejudice. Lovell v. Village of St. Clair, 126 Minn. 108, 147 N. W. 822; Keator v. Glaspie, 44 Minn. 448, 47 N. W. 52; Diment v. Bloom, 67 Minn. 111, 69 N. W. 700; Gordon v. New England Furniture & Carpet Co., 117 Minn. 525, 135 N. W. 1135; Todd v. Mayer, 152 Minn. 556, 188 N. W. 735. It is our opinion that the bringing about of a dismissal by refusing to proceed to trial is, under the Minnesota practice, a voluntary dismissal before trial.

█ Having taken a voluntary dismissal of his first action against the defendant company before trial, the plaintiff could not, over the protest of that defendant, take another arbitrary dismissal as to it of his second action, except upon the merits. His failure to appear at the trial left the court below free to dispose of the second case upon its merits in so far as the corporate defendant was concerned. The court was not, however, required to impanel a jury and to take evidence in order to dispose of the case. Under the pleadings, the burden of proof was on the plaintiff. The defendants were not required to prove that the plaintiff had no cause of action. We are satisfied that, under the practice in Minnesota, when a plaintiff who has lost his right to dismiss without prejudice, and who, under the pleadings, has the burden of proof, fails or refuses to proceed to trial, the proper course for the court to pursue is to enter a judgment of dismissal of the case with prejudice. There is nothing for a jury to determine. The calling of a jury and the taking of a verdict are mere gestures, under such circumstances. Section 9322 requires a judgment upon the merits. Such a plaintiff, by withdrawing from the case, waives a trial and impliedly consents to a judgment of dismissal with prejudice; that being the only kind of dismissal then possible. A dismissal, under such circumstances, does no violence to the constitutional right of trial by jury. Compare Baltimore & Carolina Line, Inc., v. Redman, 55 S. Ct. 890, 79 L. Ed. ——.

█ The plaintiff here, however, cannot complain of the procedure followed in the court below. What was done was the equivalent of entering a judgment of dismissal with prejudice. He is en-

titled to no reversal of the judgment as to the corporate defendant who was sued in both cases. Sweatt was evidently a nominal defendant joined in an attempt to prevent removal of the second case to the federal court and for no other reason. It may even be doubtful whether a cause of action against him was stated in the complaint. Nevertheless, he was a defendant at the time of trial. He had not previously been sued by the plaintiff. Had he been the only defendant, the plaintiff could have dismissed the case without prejudice, and, upon failure of the plaintiff to appear, the court would have been obliged to grant such a dismissal. We think that Sweatt was not entitled to a disposition of the case upon its merits in so far as it concerned him individually.

The judgment as to the corporate defendant is affirmed, but as to the individual defendant it is reversed, with directions to grant a dismissal of the case as to him without prejudice. The costs on appeal will, however, be taxed against the appellant, since the only substantial questions in the case are ruled against him.