### W. H. HEARN v. ERLANGER MILLS, INC.

(Filed 21 May, 1941.)

**Corporations § 20—**

Where, in an action against a corporation, the complaint alleges that defendant's superintendent had authority, on behalf of the corporation, to make the contract of employment sued on, the corporation's demurrer on the ground that its superintendent did not have authority in law to enter into such contract because of its extraordinary nature, and that the complaint failed to allege express authority, is properly overruled, since the allegation of authority must be taken as true upon demurrer.

APPEAL by defendant from judgment overruling demurrer by *Olive, Special Judge,* at April Term, 1941, of DAVIDSON. Affirmed.

*J. Lee Wilson and J. F. Spruill for plaintiff, appellee.*
*Don A. Walser for defendant, appellant.*

SCHENCK, J. The plaintiff alleges:

"2. That in September, 1925, and before and after said dates, the defendant had H. D. Townsend employed as Superintendent of said Nokomis Mill, which superintendent had authority to employ for defendant foremen and other employees to work in the various departments of said Nokomis Mill;" and that said Townsend, in September, 1925, employed or hired the plaintiff as spinning room foreman and "contracted to pay the plaintiff straight time as long as plaintiff worked for the defendant, until the plaintiff was discharged"; and under said contract plaintiff worked for defendant from September, 1925, until 25 November, 1939, at which time he was discharged without being paid; that during the years 1932, 1935 and 1938 the defendant closed its said mill for 21, 31 and 17 weeks respectively, but said Townsend and S. W. Rabb, Vice President and General Manager of said mill, "requested the plaintiff to

stay around and hold himself in readiness during the times said mill was closed, which the plaintiff did, and was ready, able and willing to perform his duties as foreman in said mill"; that at other times between 1925 and 1932 said mill was closed and plaintiff was paid by the defendant for such time, and that plaintiff did not know that defendant was going to refuse to pay him for such time as the mill was closed during 1932, 1935 and 1938, until after his discharge; that the plaintiff has not been paid for the time the mill was closed during the years 1932, 1935 and 1938, notwithstanding he has made demand therefor.

The defendant filed demurrer to the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action, for that (1) if the contract alleged in the complaint was entered into between the defendant's superintendent, Townsend, and the plaintiff the defendant would not be bound thereby "because as a matter of law a superintendent of a corporate defendant could not·bind his principal to contracts of an extraordinary nature and of such a character as would involve the corporation in obligations for long periods of time without express authority from the principal"; (2) "that no allegation is contained in the complaint that the said·H. D. Townsend, superintendent, had express authority given him by his principal to enter into such a contract as set forth in the complaint," and (3) "that upon all the facts alleged in the complaint there is no allegation that H. D. Townsend, superintendent, had authority from the defendant to enter into the contract set forth in the complaint."

We are of the opinion, and so hold, that all of the grounds of the demurrer are fully met by the allegations of the complaint that "the defendant had H. D. Townsend employed as superintendent of said Nokomis Mill, which superintendent had authority to employ for the defendant foremen and other employees to work in the various departments of said Nokomis Mill," and that said· Townsend did employ the plaintiff as spinning room foreman in said Nokomis Mill for straight time as long as plaintiff worked for defendant. These allegations, when construed liberally in favor of the pleader, as they must be upon demurrer, *Enloe v. Ragle,* 195 N. C., 38, 141 S. E:, 477, state facts sufficient to constitute a cause of action.

If the alleged authority of the defendant's superintendent to employ and hire foremen and other employees for the defendant at the Nokomis Mill was so limited as not to authorize the making of the contract alleged in the complaint on account of its extraordinary nature and the long period of time involved such limitation upon such authority can be pleaded, and if such plea is sustained by the evidence, may be a bar to plaintiff's cause of action.

The judgment of the Superior Court is
Affirmed.