H. H. HAYDEN, APPELLANT, *v.* SAMUEL LONG, RESPONDENT.

JUROR—REVIEW OF RULING ON CHALLENGE.—This court will not review the ruling of the court below, on a challenge for actual bias in a juror, unless all the evidence upon which that court acted is reported to this court.

WATER RIGHTS—DIVERTING STREAM—INSTRUCTIONS MUST BE PERTINENT.—H. is the owner of the land through which a small stream of water runs, used by him for propelling machinery. L., not being the owner of any land adjoining said stream, went above the land of H. and diverted a portion thereof from its natural channel, and conducted it over and across the lands of other persons to where it was used for irrigation and other purposes, by means of which portions thereof were wasted. *Held,* that such diversion was unlawful, and while the instructions of the court contain a correct statement of the law as to the respective rights of riparian owners, they were inapplicable to the facts developed in this case, as the diversion was made in this case by a party who was not a riparian owner.

APPEAL from Polk County.

This is an action for the abatement of a nuisance and for damages, brought under section 330 of the code.

The complaint alleges that during all the time hereinafter mentioned, the appellant was the owner in fee simple and in the possession of certain real property on which is situated a machine shop, and reservoir, or pond of water, belonging to the appellant, and continually used by him as a water power in the manufacture of machinery, furniture, and wagons; which same pond of water and water power is fed by a small stream of water, which said stream of water the respondent wrongfully and unlawfully diverted from its natural and usual channel by wrongfully and unlawfully tapping the same above the land of the appellant, and conducting a large portion of it across the land of others by means of artificial ditches, by reason of which wrongful diversion large quantities of said water are constantly absorbed, and large quantities of earth are constantly washed and carried into appellant's said pond, to the nuisance of the said machine shop, water power, and land, and to his damage in the sum of seventy-five dollars.

The respondent had a verdict and judgment, from which this appeal is taken.

*B. Hayden, W. H. Holmes, and X. N. Steeves*, for appellant.

*R. S. Strahan and John J. Daly*, for respondent.

By the Court, PRIM, J.:

The first assignment of error is that the court erred in admitting S. B. Frazier to serve as a juror at the trial of said cause.   The bill of exceptions discloses that upon said Frazier being challenged for actual bias, on behalf of the appellant, he was examined under oath, as follows:

1. Were you a juror in the case of *Brown* v. *Long*, tried here yesterday ?   Answer: "I was."   2. Have you formed any opinion, from the evidence in that case, relative to the diminution or absorption of water from the stream in question, in consequence of the diversion of a part of the same by defendant, Long ?   Answer: "I have."   3. Have you that opinion now ?   Answer: "I think I have."

The bill of exceptions does not purport to give all the

evidence given on the trial of this challenge. In the case of the *State* v. *Tom* (*ante*, 177), this court held that it would not receive the ruling of the court below, in a matter of this kind, unless all the evidence introduced in the court below is reported to this court.

The next error complained of is as to the instructions of the court. It appears from the bill of exceptions that there was evidence at the trial tending to show that, by the flow of water through the ditch dug by the respondent, portions thereof were wasted by absorption, evaporation, and percolation, and that the quantity of water in said stream was small, and all needed by the appellant in driving the machinery of his said factory. The court instructed the jury as follows: 1. "Every person through whose premises water naturally flows has a lawful right to the flowing of the water in its natural channel, and no person has a right to divert the stream or any part of it from its natural channel, unless he causes it to return again before it leaves his premises, so that it will not injure those below, and be lessened or diminished only by such quantity as may be necessarily used for domestic purposes and watering stock, and in some cases for irrigation; and also by evaporation, and natural and necessary wastage." 2. "Defendant had a right to take as much of the water in the stream in question as was necessary for domestic uses, and if his convenience required it he has a right to divert a portion of the stream from its natural channel; but he must return so much of it as he does not use for such purposes, or is lost by evaporation or unavoidable wastage, to the stream before it reaches plaintiff's premises." 3. "If he diverts the water and does not so return it, and thereby the plaintiff is damaged, then the diversion is wrongful, and the plaintiff is entitled to a verdict in some amount of damages to be fixed by you." * * * 4. "If, from the evidence, you find that the defendant did divert the water and did not return it before it reached the plaintiff's land, then the plaintiff is entitled to damages if sustained by him. But if, on the contrary, you find that he did not divert or turn the water, or if he did divert it and turned it all back to its natural channel above plaintiff's

place without greater waste than was consistent with his use of the water, as before stated, then you should find for the defendant."

While these instructions contain a correct statement of the law as to the respective rights of riparian owners, they were inapplicable to the facts developed by the pleadings in this case, and should not have been submitted to the consideration of the jury. They are based upon the theory that both parties are riparian owners of the land lying along and adjoining the stream in question, whereas it appears from the pleadings that respondent is not such owner. In fact, it fails to appear that he is the owner of any land anywhere; but it is admitted that he diverted a large portion of the water of the stream from its natural and usual channel, by tapping the same above the land of appellant in the public highway, and conducting it across the said road and over land owned by other men, by means of artificial ditches. If the respondent had been the owner of the land adjoining the stream where this diversion was made, then the instructions would have been applicable to the case. But the appellant, being a riparian owner, was entitled to have the water run through his place, undiminished by the use of any one, except such as own the land adjoining the stream above his land. We hold that the instructions complained of were improperly submitted to the consideration of the jury, and that the judgment be reversed, and the cause remanded to the court below for a new trial.

Judgment reversed.