Decided at PENDLETON, July 18, 1896.

## DOOLEY *v.* BANK OF BAKER CITY.
[45 Pac. 780.]

MISLEADING INSTRUCTION TO JURY.—The instructions to the jury must
be pertinent to the issues made by the pleadings, and should not
refer to or be based on other matters;[*] thus, in an action for services
rendered for defendant under an alleged contract, in the sale of
merchandise which defendant had taken possession of under a chat-
tel mortgage securing a note signed by plaintiff and the mortgagor,
an instruction basing plaintiff's right to recover on a conversion
of the goods by defendant, and on their value, instead of on the
question of the employment of plaintiff by defendant, is erroneous.

From Baker: JAMES A. FEE, Judge.

This is an action to recover the sum of five hun-
dred and sixty-two dollars, for labor and services
alleged to have been performed by John J. Dooley,
plaintiff for the First National Bank of Baker City,
at its special instance and request, from the first

*For a full collection of the numerous Oregon cases on this point see
note to *Pearson* v. *Dryden*, 28 Or. 350.— REPORTER.

day of July, eighteen hundred and ninety-three, up to and including the fifteenth day of February, eighteen hundred and ninety-four, in taking care of, managing, controlling and selling a certain stock of goods then held by it under a chattel mortgage. The reasonable value of such services is claimed to be five hundred and sixty-two dollars, which defendant promised and agreed to pay, but has failed and neglected to do so. Briefly, the facts are: On July first, eighteen hundred and ninety-three, Jere J. Dooley, a brother of the plaintiff who had for some time been engaged in the general merchandise business at Bridgeport, in Baker County, became insolvent and unable to meet his obligations, among which was a note due the defendant for one thousand three hundred and twelve dollars and six cents, upon which the plaintiff was jointly liable as surety. In order to secure the payment of this note, and to protect the plaintiff, Jere voluntarily offered to and did make and deliver to the bank a chattel mortgage on his stock of goods, conditioned that in case of default it should be lawful for the mortgagee · to take immediate possession of the mortgaged property, and sell the same at public or private sale, the proceeds thereof remaining after the payment of the reasonable expenses attending the taking, keeping, and sale of said property to be applied in satisfaction of the note, and the overplus, if any, to be paid over to the mortgagor. The defendant took immediate possession of the mortgaged property, and, at plaintiff's request, appointed him as its agent to sell and dispose of the

same in the usual course of business, remitting to it the proceeds thereof, to be applied in accordance with the conditions of the mortgage. The business was thus continued until some time in November, when Fleischner, Mayer and Company commenced an action against the said Jere J. Dooley to recover the sum of eight hundred and thirty dollars and fifty-three cents, caused all his interest in the mortgaged property to be attached, and, upon recovering judgment therein, paid to the bank the balance due on the note, took an assignment thereof, and had the mortgaged property sold on execution to satisfy the judgment; after which plaintiff claimed compensation from the bank for his services as such agent, and the bank refusing to pay the same, he brought this action, which resulted in a verdict and judgment in his favor, from which the bank appeals, assigning as error the giving of certain instructions by the trial court.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. W. F. Butcher.*

For respondent there was a brief and an oral argument by *Mr. John L. Rand.*

Opinion by MR. CHIEF JUSTICE BEAN.

The court, after charging the jury, in effect, that plaintiff could not recover unless the promissory note of himself and brother to the bank had been paid in full, proceeded to instruct them that if

"the plaintiff and Jere Dooley made a promissory note to the defendant, and the defendant thereafter took a chattel mortgage from Jere Dooley upon the stock of goods, the property of the said Jere Dooley, and the defendant thereupon employed the plaintiff to take charge of said property, under the said chattel mortgage, and sell and dispose of the said stock of goods for the benefit of the defendant, and plaintiff did perform said services, for which he seeks to recover, and the amounts arising from the sales of said goods were credited upon said note until it was all paid, except the sum of one hundred and seventy-six dollars; and you further find that the said mortgage provided for the payment of all expenses resulting from the sale of said goods, and the defendant then converted the stock of goods to its own use, and the value of the stock of goods at the time of the conversion was sufficient to have fully satisfied the said note and the amount of plaintiff's claim, your verdict should be for the plaintiff"; and that if "the defendant employed plaintiff, as in these instructions heretofore indicated, and defendant held a mortgage given by Jere Dooley to secure a note signed as claimed, and said mortgage contained conditions as heretofore stated, and you find that after the payment of all due upon said note, except the sum of one hundred and seventy-six dollars, John J. Dooley offered to pay said sum, and take the stock of goods for his own claim, and leave a balance, and that defendant refused to accept said offer, and that thereafter said goods were taken by Fleischner, Mayer and Com-

pany, and sold by the consent of the defendant, to pay an obligation upon which John J. Dooley was not responsible, then your verdict should be for the plaintiff."

These instructions were in our opinion misleading, outside the issues in the case, and prejudicial error. The action is for wages alleged to have been earned by the plaintiff under a contract of hiring. That was the only issue for trial, and the questions as to whether the defendant converted the mortgaged property to its own use; the terms and conditions of the mortgage, or the value of the goods at the time of the alleged conversion, if they were so converted, are all wholly immaterial to any issue in this case; yet by the instructions of the court the verdict is made to depend entirely on the question as to whether the defendant converted the goods to its own use, and, if so, whether their value at the time was sufficient to have satisfied the mortgage debt and plaintiff's claim, and not on the terms of the contract or agreement between plaintiff and defendant under which the services were rendered. If defendant employed plaintiff and agreed to pay him for his services, or if the law will raise an implied promise to do so from the circumstances of the employment, then he is entitled to recover, otherwise not. But the court, from its instructions, seems to have overlooked the issues made by the pleadings, and allowed the plaintiff to recover on the ground that the mortgage was intended as a security for the payment of the debt secured thereby, and all reasonable expenses incurred by the mort-

gagee in the sale and disposition of the goods, and if the mortgaged property was of sufficient value to pay the debt and plaintiff's claim for services, he is entitled to recover in this case, if defendant was guilty of a conversion, whether there was a contract of hiring or not. And in this view the instructions were certainly erroneous. It follows that the judgment of the court below must be reversed, and a new trial ordered.          REVERSED.

Decided at PENDLETON, July 18, 1896.