Argued March 1, reversed and remanded May 16, rehearing denied June 13, objections to cost bill sustained in part July 18, 1922.

# HOWLAND *v.* FENNER MFG. CO.

### (206 Pac. 730; 207 Pac. 1096.)

**Master and Servant—Exhibits not Mentioned in Pleadings or Bill of Particulars Inadmissible.**

1. In an action for commission on orders taken for defendant's goods, where plaintiff furnished a bill of particulars as to the orders on which the commissions were claimed, exhibits, consisting of correspondence with prospective purchasers, who were not mentioned in the bill of particulars or with defendant relative to matters not involved in the action, some of which were written after plaintiff had knowledge the controversy was impending, and were self-serving, were immaterial and incompetent under the general rule that evidence produced must correspond with the allegations of the pleadings, and must be confined to the points in issue.

**Pleading—Proof Confined to Items in Bill of Particulars.**

2. When a bill of particulars is furnished as required by statute or by order of the court, the party furnishing the bill is confined in his proof to the items therein alleged.

**Appeal and Error—Repeated Overruling of Defendant's Objections to Immaterial Testimony is Prejudicial.**

3. Defendant was prejudiced by the introduction of numerous exhibits over his objection that they were immaterial and incompetent because the repeated making of such objections, which are overruled, creates a prejudice against him in the minds of the jury.

**Master and Servant—Evidence as to Orders for Goods After Termination of Employment on Commission Held Admissible.**

4. Where plaintiff claimed he was entitled to commissions on orders for defendant's goods taken by a certain corporation, even after plaintiff left the employ of that corporation, it was error to exclude testimony by defendant's secretary, who had knowledge of the transactions as to the aggregate amount of all orders placed by that corporation subsequent to the date on which plaintiff severed his relations with defendant.

**Trial—Instruction on Rejection of Orders on Which Plaintiff Claimed Commission Held Inapplicable to Issues.**

5. In an action to recover commissions on orders secured by plaintiff, where there was no allegation or evidence that defendant had the right to disaffirm or reject any order secured by plaintiff, or had ever disaffirmed or rejected an order or claimed any right to do so, an instruction that defendant must exercise diligence in disaffirming orders if it had a right to disaffirm them was erroneous, as covering matters not in issue under the pleadings and evidence.

Appeal and Error—Restitution of Payment on Reversed Judgment Enforced, Notwithstanding Supersedeas Bond will be Ordered.

6. Where plaintiff was given an undertaking pursuant to section 553, Or. L., for the enforcement of his judgment, notwithstanding defendant had given a *supersedeas* bond, as provided by Section 551, the Supreme Court, on reversing the judgment, will order restitution of the amount paid thereon if such payment has been enforced.

## ON OBJECTIONS TO COST BILL.

Costs—Cost of Printing Brief and Abstracts Allowed at $1.25 a Page.

7. Under rule 29 (202 Pac. xiii), providing that the prevailing party upon appeal is allowed the actual cost of printing abstract and brief not to exceed $1.25 a page, including cover, unless for some special reason apparent in the record it should be otherwise ordered, *held* an appellant who had paid for printing such abstract and brief was entitled to charge therefor at that rate.

Costs—Cost of Entire Transcript of Testimony Allowed When Necessarily a Part of Record on Appeal.

8. Under Gen. Laws of 1921, page 621, providing that, when costs are allowed to the prevailing party on appeal to the Supreme Court, the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal, shall be taxed as costs of the appeal, appellant was entitled to necessary expenses paid by him to secure the entire transcript of testimony, since, under the questions involved, it necessarily formed a part of the record on appeal.

From Multnomah: W. N. GATENS, Judge.

Department 1.

This action was brought to recover a balance alleged to be due to the plaintiff for commissions claimed to have been earned by him in obtaining written orders from third parties for the purchase from defendant of what is designated as "ready-cut" building material, manufactured and kept for sale by the defendant. Two causes of action were alleged in the complaint, but the second cause of action was abandoned by the plaintiff upon the trial, and the action thereafter proceeded upon the first cause only.

The plaintiff was employed by the defendant as its agent and representative, to solicit and canvass for

sales on behalf of defendant of its "ready-cut houses" and building material. The contract was wholly in parol, although a written agreement was prepared by the defendant and sent to the plaintiff for his signature, but the plaintiff failed and neglected to sign the same. There is a dispute in the pleadings as to the terms and conditions of the contract, and as to the amount of the commission which the plaintiff is entitled to recover, but it is admitted by the pleadings that the commission when earned should be 10 per cent of defendant's selling price. The issues made by the pleadings presented two questions: first, what were the terms and conditions of the contract, and second, what sum of money, if any, under the terms of the contract, was the plaintiff entitled to recover for the services performed.

The plaintiff served and filed an itemized statement of his account, or bill of particulars, showing in detail the name and postoffice address of each person from whom he claimed to have obtained an order, the amount of such order, and the amount claimed to be his commission thereon. The total amount claimed by the plaintiff in his itemized statement of account, or bill of particulars, correspond in amount to the sum sued for in the complaint. The case was tried to a jury, and from a judgment in favor of the plaintiff, the defendant appeals.

REVERSED AND REMANDED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. John W. Shuler* and *Messrs. Teal, Minor & Winfree,* with oral arguments by *Mr. Shuler* and *Mr. A. B. Winfree.*

For respondent there was a brief over the names of *Mr. W. L. Cooper* and *Messrs. Davis & Farrell,*

with oral arguments by *Mr. Cooper* and *Mr. W. E. Farrell.*

RAND, J.—1. Upon the trial, the letters and communications between the parties, concerning the transaction referred to in plaintiff's itemized statement of account, were offered and received in evidence without objection. In addition to this, the plaintiff was permitted, over the objection and exception of the defendant, separately made and taken to each, to introduce in evidence and to read to the jury, 27 exhibits, none of which contained any reference to any point or matter in issue, or were in any way connected with the persons or transactions mentioned or referred to in the itemized statement of account. The defendant separately assigns error upon the introduction of each of said exhibits. These exhibits consisted of letters, some of which were written by the defendant to prospective purchasers of defendant's material, who never became purchasers, and who are not the same parties that are mentioned in plaintiff's itemized statement; some of them are letters written by the plaintiff to the defendant, or by the defendant to the plaintiff, relative to matters entirely outside of any issue involved in this action, and some were written by the plaintiff to the defendant, after he had knowledge that this controversy was impending, and are in the nature of self-serving statements. Among them also are two exhibits consisting of 47 pages of blue-prints and 53 pages of closely typewritten matter, comprising lists of lumber which was never furnished, and relating to contemplated transactions which were never consummated, and for which the plaintiff

made no claim, either in his pleadings, his proof, or his itemized statement of account.

None of these letters or documents contained anything of probative value or were pertinent to any issue in the case. It is a general rule that the evidence produced must correspond with the allegations of the pleadings, and must be confined to the points in issue. The plaintiff was suing to recover a commission of 10 per cent on sales which he claimed to have made. In his bill of particulars, he stated the names of the persons to whom he claimed to have made sales, and the amount of such sales, and the amount of the commissions claimed to be due thereon. None of the exhibits, to which objection was made, could have had any possible bearing upon any transaction set forth in the bill of particulars, because each of these exhibits referred to different persons and different transactions from those referred to in the bill of particulars.

2. The rule is settled that "When a bill of particulars is furnished as required by statute or by the order of a court of competent jurisdiction, the party furnishing such bill is confined in his proof to the items therein alleged, although he may offer proof of the value of the items along other lines than those alleged in the bill": *Hayden* v. *City of Astoria,* 84 Or. 205, 217 (164 Pac. 729).

3. The facts disclosed by the exhibits objected to were collateral facts, not connected with any transaction the subject of inquiry, nor could any inference covering the matter in issue be drawn from anything recited or contained in these exhibits. They had neither a direct nor an apparent connection with any transaction set forth in plaintiff's bill of particulars. They were wholly irrelevant and immaterial

for all purposes, and should have been excluded. They were admitted upon the theory, as stated by the trial court, that their introduction "would expedite matters." Instead of doing so, the introduction of this mass of immaterial matter was bound to confuse the jury and distract and divert its attention from the issues in the case. These exhibits were inadmissible under the general rule that evidence must be confined to the points in issue, and none of them were admissible under any exception to the general rule. The defendant rightfully objected to their introduction, and his objection should have been sustained. The rights of the defendant were prejudiced by the introduction of these exhibits over his objections, because when a party to a law action, being tried before a jury, is compelled to make repeated objections against the introduction of immaterial matter, and his objections are wrongfully overruled, the making of such objections invariably creates a prejudice against him in the minds of the jury.

4. Defendant assigns as error the refusal of the court to permit the witness, Edna M. Patterson to state the amount of the orders for building material given to the defendant by the Northwestern Home Builders, after September 15, 1919, the date on which the plaintiff says he severed his relations with the defendant company. After objection to a question calling for such information had been sustained, Mr. Minor, the attorney for the defendant, made the following offer:

"I offer to show by this witness the aggregate amount of all orders placed with the Fenner Manufacturing Company by the Northwestern Home

Builders, subsequent to September 15, 1919, and the dates upon which such orders were placed.''

This offer was objected to, and the evidence was excluded. We think it was clearly competent for the witness to testify regarding this matter. She was the secretary of the defendant company, and had knowledge of the transactions.

The plaintiff claimed and had offered testimony tending to show that he was entitled to a 10 per cent commission on orders given by the Northwestern Home Builders. Some of these orders were given while he was employed and some subsequent to his employment. The defendant admitted his right to a commission upon the orders given during the time he was employed, but denied his right as to the remainder. Upon this question this testimony was pertinent and material, and its exclusion was error.

5. Over the objection and exception of the defendant, the court charged the jury as follows:

''Now, if you find that the contract is as claimed by the plaintiff, if you are satisfied from the evidence that that was the contract, you are further instructed that the defendant is charged with the duty to promptly act, in the disaffirmance of any orders received by it, and if you shall find that it has the right to reject them on any grounds, under the terms of the contract agreed upon between the parties, then, and in such event, it must exercise diligence in rejecting them within a reasonable time.''

There was no allegation in the pleadings that the contract contained any terms or provisions giving to the defendant the right to disaffirm or reject any order received by it, or that the defendant had ever disaffirmed or rejected any order, or had ever claimed or asserted any right or authority so to do,

nor was there any competent testimony tending to show that the defendant had ever disaffirmed or rejected any such order. It was therefore error for the court to give this instruction, as the instruction covered matters not in issue under the pleadings, and not presented by the evidence.

6. It appears from the transcript that an undertaking pursuant to Section 553, Or. L., was given by plaintiff for the enforcement of his judgment, notwithstanding that the appellant had given a *supersedeas* bond, as provided by Section 551, Or. L. Whether any proceedings have been had thereunder is not disclosed by the record, nor is the matter mentioned or referred to in the briefs of counsel. If the payment of the judgment appealed from has been enforced, this court will order restitution upon a proper showing.

For the reasons stated above, the judgment of the lower court must be reversed and it is so ordered, and the cause is remanded for such further proceedings as are not inconsistent herewith.

Burnett, C. J., and Harris and McBride, JJ., concur.

Reversed and Remanded. Rehearing Denied.

Objections sustained in part July 18, 1922.

## ON OBJECTIONS TO COST BILL.

### (207 Pac. 1096.)

### OBJECTIONS SUSTAINED IN PART.

*Mr. W. L. Cooper* and *Messrs. Davis & Farrell,* . for the objections.

*Mr. John W. Shuler* and *Messrs. Teal, Minor & Winfree, contra.*

RAND, J.—The respondent objects to the following items of appellant's cost bill:

    Transcript of testimony...........$177.30
    Paid for printing appellant's ab-
        stract of record...............  74.70
    Paid for printing appellant's brief..  63.50

7. Appellant's printed abstract of record, including cover, consists of 50 pages. Appellant's printed brief, including cover, consists of 40 pages. Under rule 29, the prevailing party, upon appeal, is allowed the actual cost of printing abstract and brief, providing such cost does not exceed $1.25 a page, including cover, unless for some special reason apparent in the record, it should be otherwise ordered. It appears from the cost bill and from the answer to respondent's objection to the cost bill, that the appellant paid for printing his abstract of record, $74.70, and for printing his brief, $63.50. Under the rule, appellant was entitled to charge in his cost bill, for printing his abstract of record, $62.50, and for his brief he is entitled to charge the sum of $50,

and the items mentioned will be decreased accordingly.

8. Chapter 322, page 621, General Laws of Oregon, 1921, provides:

"When costs are allowed to the prevailing party on appeal to the Supreme Court the appearance fees, trial fees, attorney fees, as provided by law; the necessary expenses of transcript or abstract, as the law or rules require; the printing required by rule of the court, and the transcript or testimony or other proceedings, when necessarily forming part of the record on appeal, shall be taxed in the Supreme Court as costs of the appeal."

Objection is made to the item of $177.30 for transcript of testimony upon the ground that the short form of a bill of exceptions, instead of the entire transcript of testimony, could have been used. We find that under the questions involved, this transcript of testimony necessarily formed a part of the record of appeal, and under the statute above quoted, appellant was entitled to the necessary expenses paid by him to secure the transcript used upon the appeal. For that reason the objections to this item will be overruled. The other items forming the cost bill are not objected to. The cost bill shows a total charge of $351.50. This amount will be decreased to the sum of $325.80, and judgment for that sum will be allowed accordingly.

OBJECTION SUSTAINED IN PART.