Argued March 7, affirmed March 13, 1928.

## D. J. STAFFORD *v.* ED. TONKIN ET AL.

(264 Pac. 863.)

New Trial—Juror's Affidavit Held not Competent to Impeach "Quotient Verdict."

1. Affidavit of one juror alleging that verdict arrived at by jury was a "quotient verdict," that is, the result of adding the amounts urged by the various jurors and then dividing the total by 12, *held* not competent to impeach the verdict.

Damages—Evidence That Physician's Reasonable Charge Would be from $150 to $250, and Testimony as to Hospital Bill and Amount Paid Thereon, Held to Warrant Instruction on Special Damages.

2. Proof that charges of attending physician in action for injuries would be from $150 to $250, and that such charges would be reasonable, and that amount due hospital for plaintiff's care while a patient there was $256, all of which he had paid, except

---

1. Admissibility of affidavit showing quotient verdict, see note in Ann. Cas. 1915C, 1147. See, also, 27 R. C. L. 896.

$50.75, *held* sufficient proof to warrant instruction on question of special damages.

**Appeal and Error—Abstract Instructions are Improper, but Do not Warrant Reversal, Unless Particular Circumstances Require It.**

3. Academic instructions, not applicable to facts in case, should not be given on account of danger of withdrawing minds of jurors from true issues; but whether the giving of an abstract instruction warrants reversal depends on particular circumstances.

**Appeal and Error—Instruction That Automobiles must be Driven With Due Respect to Life, Limb and Property, Though Abstract, Held not Ground for Reversal in Action for Injuries (Laws 1925, p. 248, § 1).**

4. In action for injuries, based on excessive speed of taxicab which struck plaintiff, instruction that automobiles cannot at all times be driven at twenty miles an hour, but must be driven "with due respect to the life, the limb, and the property of others," though abstract, in view of Laws of 1925, page 248, Section 1, under which action was brought, which sets twenty miles an hour speed limit within incorporated cities and towns and at intersections, *held* not ground for reversal, where no facts were assumed which were injurious to defendant.

---

Damages, 17 C. J., p. 1078, n. 34, p. 1079, n. 46.
Motor Vehicles, 42 C. J., p. 1284, n. 51.
New Trial, 29 Cyc., p. 987, n. 19.

From Multnomah: JAMES U. CAMPBELL, Judge.

Department 2.

This is an action to recover damages for alleged personal injuries sustained by plaintiff on August 27, 1925, when he was struck by a taxicab operated by defendant corporation while crossing the street at Sixth and Jefferson Streets, Portland, Oregon. The plaintiff averred:

"That by reason of the carelessness and negligence of the defendants * * as hereinbefore mentioned (in the operation of the taxicab), plaintiff was knocked to the pavement; that the left knee-joint of plaintiff was injured and the lower end of the left femur was fractured; that said injuries caused the knee joint

---

3. Abstract proposition of law stated without applying same to facts of case is reversible error, see note in Ann. Cas. 1915D, 1128. See, also, 14 R. C. L. 782.

to be opened on the inner side, causing extensive lacerations of the ligaments in and about the left knee, causing portions of the bone to be jerked off of the head of the tibia; that plaintiff's leg was also cut, bruised, sprained and wrenched, and plaintiff suffered bruises and cuts in and about his entire body."

Plaintiff prayed for general damages in the amount of $15,000, and special damages in the amount of $250 for doctor bills, $256 for hospital bills and $150 to cover expenses of nursing and medicine.

The trial resulted in a verdict for plaintiff in the amount of $4,000, including doctor and hospital bills. From the judgment based upon that verdict, the defendant corporation appeals.          AFFIRMED.

For appellant there was a brief over the names of *Mr. Barnett H. Goldstein* and *Mr. Thomas Mannix,* with an oral argument by *Mr. Goldstein.*

For respondent there was a brief over the names of *Mr. A. C. Shaw* and *Messrs. Senn & Recken,* with oral arguments by *Mr. Shaw* and *Mr. F. S. Senn.*

BROWN, J.—The plaintiff says that the driver of the taxicab was negligent in failing to have his taxicab under proper control when reaching the intersection of Sixth and Jefferson Streets; in failing to keep a lookout for pedestrians; in driving at a careless and reckless rate of speed, in excess of twenty miles an hour, over and across the intersection; and in operating the taxicab on the left-hand side of the street.

The testimony of R. A. Stinson, who was driving the taxicab at the time of the accident, clearly shows that he did not keep a proper lookout for pedestrians or he would have seen the plaintiff prior to the time he says he first saw him.

N. W. Hogue, operator of a street-car in the vicinity of the accident, testified that he saw the taxicab strike the plaintiff; that at that time it was moving from twenty-four to twenty-six miles an hour, and was being driven on the wrong side of the street while the driver was attempting to pass a street-car.

The defendant asserts that the verdict returned by the jury is illegal for the reason that it is a quotient verdict, and, to establish its contention, filed an affidavit of Max F. Hoppe, one of the jurors, who said:

"I also depose and say that the verdict arrived at by the jury was a quotient one, that is to say, the verdict was the result of adding the amounts urged by the various jurors and then dividing the total by twelve."

1. It is unnecessary to cite authorities in support of the proposition that the affidavits of jurors are not competent, and will not be received, to impeach their quotient verdict: *Spain* v. *Oregon-Washington R. & Nav. Co.,* 78 Or. 355 (153 Pac. 470, Ann. Cas. 1917E, 1104); 2 Thompson on Trials (2 ed.), § 2603.

2. The defendant contends that the court erred in instructing the jury on the question of special damages. There was some evidence of special damages, all of which came into the record without objection on the part of the defendant. Dr. Ong, the attending physician, testified that his charges in an injury of the character of this plaintiff's injuries would be from $150 to $250, and that such charge would be reasonable. The court instructed the jury, however, that under the testimony the doctor bill would be limited to $150. The next item is that of $256, the amount incurred for hospital bills. The record shows that the plaintiff was at Good Samaritan Hospital for more than two months, and that the amount due the hospital for his care while a patient there was $256, all

of which he had paid except $50.75. It will be ob-
served that the verdict did not include the bill for
nursing and medicine. However, there was some
competent evidence adduced in support of each of the
items constituting special damages. We believe that
the showing made by the plaintiff complies with the
rule as to proof of special damages laid down in the
case of *Coblentz* v. *Jaloff*, 115 Or. 656 (239 Pac. 825).

Did the court err in instructing the jury relative
to the permanency of plaintiff's injury? One of the
contested questions was as to whether or not the
plaintiff sustained a permanent injury. A careful
reading of the instructions as a whole, however, shows
that the court did not undertake to pass upon that
question, but left it for the jury to determine.

3, 4. The chief objection urged for the reversal of
this cause relates to instructions given by the court
which the defendant asserts are abstract and purely
academic.

Section 1, Chapter 165, General Laws of Oregon,
1925, provides:

"Every person operating a motor vehicle on the
public highways of this state shall drive the same in
a careful and prudent manner, not to exceed 30 miles
per hour, and within the limits of incorporated cities
and towns and at intersections not to exceed 20 miles
per hour  *  * , and in no case at a rate of speed that
will endanger the property of another, or the life and
limb of any person."

The court expounded to the jury the provision just
quoted. But it is asserted that there was no act of neg-
ligence alleged by plaintiff that would warrant the in-
structions relating to negligence by a person who was
traveling at a speed of less than twenty miles an hour.
Paragraph 4 of the complaint alleges particularly the
acts of negligence relied upon. Paragraph 3 avers

that the owners of the taxicab "operated their taxi-
cab carelessly and negligently on said Sixth Street."
But we assume in our discussion that the plaintiff is
held to his particular allegations set out above,
wherein he attempts to specify in what respect the
defendant corporation had been negligent.    That the
statement of the law made by the court is clearly
within the statute cannot be questioned; but, in so
far as its application to this pleading is concerned,
that statement appears to the writer to be partly
academic.    Such instructions should not be given, for
the reason that the minds of the jurors might thereby
be withdrawn from the true issues in the cause.    In
general, whether or not the giving of an abstract
instruction is ground for reversal depends upon the
circumstances of each particular case.    The court
told the jury that, under the language of the statute
hereinabove set out, automobiles or taxicabs cannot
at all times be driven at the rate of twenty miles an
hour, but that they must be driven "with due respect
to the life, the limb and the property of others."
If, in giving the instructions complained of, the court
had assumed facts that were adverse and injurious
to the defendant corporation, this case would be re-
versed without hesitation.    But not an issue was
misstated by the court, nor was a fact assumed that
was injurious to this defendant.

Following a careful reading of all the evidence, we
are satisfied that the verdict of the jury was given
in accordance with the preponderance of the evi-
dence, and that the triers of fact were guided by
lawful instructions.

This case is affirmed.                    AFFIRMED.

RAND, C. J., and BEAN and BELT, JJ., concur.