Argued January 12; affirmed February 15, 1949

# GODVIG *v.* LOPEZ

202 P. (2d) 935

*Orval N. Thompson,* of Albany, argued the cause for appellant. On the brief were Weatherford & Thompson, and Willis, Kyle & Emmons, all of Albany.

*K. C. Tanner,* of Portland, argued the cause for respondent. On the brief were Tanner & Clark, of Portland.

Before Lusk, Chief Justice, and Brand, Belt, Bailey and Hay, Justices.

BRAND, J.

■ As a result of the collision between the car in which plaintiff was riding as a guest, and the car operated by the defendant, the plaintiff suffered a wound about two inches in length which extended across above the nose from one eyebrow to the other. The wound was sutured within a few hours after the accident by Dr. Edwards at Waldport. The plaintiff was injured on 14 July 1946, and at some time in the latter part of August of that year, Dr. Bettman, a specialist in plastic surgery, performed an operation for the removal of scar tissue. He testified that he removed all of the scar, or as much as he possibly could, and resutured the wound. A photograph of the plaintiff's face was taken by Dr. Bettman prior to the plastic surgery. The photograph discloses the scarred appearance of the plaintiff's forehead during the period of four to six weeks prior to the operation by Dr. Bettman. The evidence shows that the plaintiff's appearance materially improved after the last operation. The jury were enabled to see the results of the plastic surgery when the plaintiff appeared as a witness.

However, they were also entitled to know the nature and results of her injury during the temporary period preceding the operation as well as the results after the scar tissue had been largely removed. The photograph is also relevant as showing a condition which required operative treatment. When the photograph was offered in evidence the defendant objected on the ground that it was gruesome, prejudicial and incompetent. The admission of the photograph in evidence is assigned as error. In support of the assignment the defendant cites *State v. Miller*, 43 Or. 325, 74 P. 658. Defendant asserts that:

" * * * The Miller case holds that photographs in any event are not admissible if they are gruesome and if they arouse sympathy or indignation and that they are manifestly harmful instrumentalities for use as evidence against the defendants in such cases and under such situations."

We do not so read the opinion. Concerning the admissibility of photographs the court said:

" * * * But unless they are necessary in some matter of substance, or instructive to establish material facts or conditions, they are not admissible, especially when they are of such a character as to arouse sympathy or indignation, or to divert the minds of the jury to improper or irrelevant considerations * * *"

The court added that the photograph offered in that case was not a faithful reproduction, which of itself would be sufficient reason for its exclusion. Concerning the Miller case Wigmore comments as follows:

" * * * (photographs of gunshot wounds on the deceased, excluded as 'gruesome' and unnecessary; unsound on the facts)." Wigmore on Evidence, Vol. IV, third ed., section 1157, p. 257. (Note).

■ The more modern decisions, while recognizing that the court has some discretion to prevent abuse, nevertheless uphold the admissibility of photographs showing the physical condition of injured persons, or even the appearance of deceased persons, if they tend to show the circumstances or cause of death. *State v. Weston*, 155 Or. 556, 64 P. (2d) 536; 108 A. L. R. 1402; *State v. Weitzel*, 157 Or. 334, 69 P. (2d) 958; *State v. Dennis*, 177 Or. 73, 159 P. (2d) 838, 161 P. (2d) 670. Photographs are not admissible in evidence unless they are necessary or instructive to establish some material fact or condition. But there is no best evidence rule which excludes photographic evidence merely because some witness has testified concerning the conditions portrayed in the picture. In *State v. Cunningham*, 173 Or. 25, 144 P. (2d) 303, the court said that if the exhibit "could be deemed gruesome, that circumstance in itself would not have excluded it from reception as evidence". The court cited with approval *State v. Nelson*, 162 Or. 430, 92 P. (2d) 182, and the Weitzel and Weston cases, supra. The court said, "Those authorities we deem controlling rather than State v. Miller * * * upon which the defendant relies." In *State v. Nelson*, supra, the court said that *State v. Miller* "has been distinguished and is not in harmony with State v. Weston, supra." In *State v. Nelson*, supra, it was held that a photograph of a dead body was properly admitted to explain and demonstrate the testimony of a medical witness. In that case the court said, "Although a photograph might be prejudicial because of its so-called gruesome character, it is nevertheless admissible in evidence if material to some issue in the case * * *". The language used was perhaps unfortunate. We think the intention was to say that it would not be prejudicial error to admit a photograph of a gruesome

character if material to some issue in the case. We had supposed that the controversy concerning so-called gruesome evidence had been put to rest by the opinion of Rossman, C. J., in *State v. Henderson,* 182 Or. 147, 184 P. (2d) 392.

■ We cannot uphold the jury system as the exemplification of enlightened justice and at the same time hold that juries are not to be trusted to see pertinent evidence of the physical facts which are in issue. Because of the earnest presentation of the so-called gruesome evidence rule we have once more reviewed the authorities, but we also hold that the photograph in evidence was in no sense of the word gruesome. It is a fairly attractive portrait of a woman with a scar on her forehead, and nothing more.

By the second assignment, the defendant asserts that the court committed reversible error in giving the following instruction:

"Bear in mind, there is no charge of negligence here against the driver of plaintiff's car. Her husband was driving the car. There is no claim that he was negligent and if he was negligent it could not be imputed to plaintiff in this case."

For an understanding of this issue it becomes necessary to refer to the pleadings. In her complaint the plaintiff alleges that she was riding as a guest passenger in a southerly direction upon U. S. Highway No. 101; that the defendant was driving her car in a northerly direction on said highway, and suddenly and without warning drove her automobile into the lane of travel reserved for south bound traffic and caused the collision. Briefly stated, the specifications of negligence included, (a) The driving on the left of the center line; (b) Attempting to pass an automo-

bile being driven in a northerly direction in the face of oncoming traffic with insufficient clearance; (c) Failure to use ordinary care; (d) Failure to keep a proper lookout; (e) Want of proper control; (f) Undue speed; (g) Following other motor vehicles proceeding in the same direction more closely than was reasonably prudent. The answer denies any negligence on the part of the defendant and alleges that the collision was caused by the negligence of the driver of a car in a column of cars which was ahead of the defendant's car. More specifically it is alleged that one of the cars in the column ahead of defendant's car undertook to leave the right side of the highway and pass the car immediately ahead; that the driver thereof observed the close proximity of the car in which plaintiff was riding and suddenly attempted to stop and regain his position in the column of cars on defendant's right-hand side of the highway. It is alleged that the emergency thus created caused all of the cars ahead of defendant to slow down suddenly and that both the plaintiff's and defendant's cars, because of the sudden stop on the slick highway "slid toward the center of the highway" and collided near the center thereof. There is no allegation in the answer of any negligence on the part of the plaintiff or of the plaintiff's husband who was the driver of the car.

Counsel for defendant contends that when the court instructed the jury that there was no charge of negligence on the part of the driver of plaintiff's car and that even if he was negligent "it could not be imputed to the plaintiff * * *" the court gave an "abstract" instruction. He then asserts that "it is the settled rule in Oregon that it is reversible error for the trial judge to instruct upon abstract propositions of law." Thus

the issues presented require a consideration of two matters; first, what is an abstract instruction, and second, under what circumstances does the giving of such an instruction constitute reversible error.

We will first attempt a classification of the cases in which this court has held that an instruction given was abstract and therefore erroneous.

We may first mention a large number of cases in which it was merely held that the *refusal* to give an abstract instruction is not error. Whether the giving of such an instruction would have been reversible error was not before the court. Within this class we find the following: *Shattuck v. Smith*, 5 Or. 125; *Glaze v. Whitley*, 5 Or. 164; *Roberts v. Parrish*, 17 Or. 583; *Pacific Export Co. v. North Pacific Lumber Co.*, 46 Or. 194, 80 P. 105; *Scheurmann v. Mathison*, 67 Or. 419, 136 P. 330.

In many instances instructions have been disapproved because they submitted to the decision of the jury questions of fact in the absence of any evidence tending to establish the same. Such was the situation in *Pearson v. Dryden*, 28 Or. 350, 43 P. 166 and *Tonseth v. Portland Railway Light & Power Co.*, 70 Or. 341, 141 P. 868, cited by the defendant. To that class belong: *Morris v. Perkins*, 6 Or. 350; *Hayden v. Long*, 8 Or. 244; *Willis v. Oregon Railway & Navigation Co.*, 11 Or. 257, 4 P. 121; *Marx v. Schwartz*, 14 Or. 177, 12 P. 253; *Langford v. Jones*, 18 Or. 307, 22 P. 1064; *Bailey v. Davis*, 19 Or. 217, 23 P. 881; *Bowen v. Clarke*, 22 Or. 566, 30 P. 430; *Emison v. Owyhee Ditch Co.*, 37 Or. 577, 62 P. 13; *Carson v. Lauer*, 40 Or. 269, 65 P. 1060; *Ringue v. Oregon Coal Co.*, 44 Or. 407, 75 P. 703; *Geldard v. Marshall*, 47 Or. 271, 83 P. 867, 84 P. 803; *Whiting v. Andrus*, 173 Or. 133, 144 P. (2d) 501.

In another class of cases the giving of an abstract instruction has been disapproved because it submitted to the jury for determination, issues which were not within the pleadings. *Woodward v. The O. R. & N. Co.*, 18 Or. 289, 22 P. 1076; *Buchtel v. Evans*, 21 Or. 309, 28 P. 67; *Coos Bay Railroad Co. v. Siglin*, 26 Or. 387, 38 P. 192; *Dooley v. Bank of Baker City*, 29 Or. 277, 45 P. 780; *Hughes v. McCullough*, 39 Or. 372, 65 P. 85; *First National Bank v. McDonald*, 42 Or. 257, 70 P. 901; *Latourette v. Meldrum*, 49 Or. 397, 90 P. 503; *Miami Quarry Co. v. Seaborg Packing Co.*, 103 Or. 362, 204 P. 492; *Howland v. Fenner Mfg. Co.*, 104 Or. 373, 206 P. 730, 207 P. 1096; *Mannix v. The Portland Telegram*, 136 Or. 474, 284 P. 837, 297 P. 350, 300 P. 350; *Burk v. Portland Traction Co.*, 177 Or. 645, 164 P. (2d) 720.

■ A careful examination of the Oregon authorities indicates that substantially all of the cases in which instructions have been held erroneous because abstract, fall within one or the other of the two classes last mentioned. They have either broadened the issues beyond the scope of the pleadings or beyond the scope of the evidence and have thus directly or impliedly submitted to the determination of the jury questions which were not properly before them.

Even in this class of cases it cannot be said that there is any settled rule of reversible error. In the following cases the judgment was affirmed, notwithstanding the fact that an abstract instruction had been given: *Salmon v. Olds & King*, 9 Or. 488; *State v. Weaver*, 35 Or. 415, 58 P. 109; *Miami Quarry Co. v. Seaborg Packing Co.*, supra; *Stafford v. Tonkin*, 124 Or. 534, 264 P. 863; *Olson v. McAtee*, 181 Or. 503, 182 P. (2d) 979; *Snyder v. Portland Traction Co.*, 182 Or. 344, 185 P. (2d) 563; and see the dissent in *Whiting v.*

*Andrus,* supra. In many of the cases involving abstract instructions other errors appeared which warranted reversal in any event.

The defendant may well have relied upon the statement of this court in *First National Bank v. McDonald,* 42 Or. 257, 70 P. 901, when the court said:

" * * * Such is not the law, the rule being that, where an instruction outside the issues is given, it is impossible to say that the jury may not have observed and obeyed it and placed their verdict thereon: Morrison v. McAtee, 23 Or. 530 (32 Pac. 400). The rule is well settled in this state that an instruction outside the issues is erroneous, and constitutes reversible error * * *".

■ A similar view is supported in *Latourette v. Meldrum,* supra. The better considered cases, however, have adopted a more liberal view and have returned to the rule as stated in the early case of *Salmon v. Olds & King,* supra, where it is said, "The court must be able to see that under the circumstances disclosed by the record, the jury may have been, and probably were, misled, to the injury of the complaining party." The rule is approved in *Gregoire v. Rourke,* 28 Or. 275, 42 P. 996; *Olson v. McAtee,* supra; *Snyder v. Portland Traction Co.,* supra. The rule as stated in *First National Bank v. McDonald,* supra, can no longer be considered accurate.

The defendant cites as "squarely in point" the case of *Ross v. Willamette Valley Transfer Co.,* 119 Or. 395, 248 P. 1088. That case more closely resembles the one at bar than any which we have found. It therefore deserves careful analysis. The plaintiff was a child ten years of age, who sued for damages on account of the alleged negligence of the defendant. The plaintiff was

a passenger in an automobile driven by her father when it collided with the rear end of a truck which was parked on the paved highway. The defendant, by its answer, denied any negligence and made no plea of contributory negligence, but it in affirmative form alleged that the negligence of plaintiff's father was the sole cause of the collision. The court held that the defendant was guilty of negligence by reason of its failure to comply with the statute requiring the display of a red light on the rear of the parked truck. The court instructed the jury as follows:

> " 'I instruct, that Marjory Ross is a child of tender years, being at the time of the accident ten years of age, and any negligence of E. E. Ross, if he was negligent, could not be imputed to Marjory Ross, as contributory negligence on her part.' "

Upon the appeal to this court the giving of the quoted instruction was assigned as error. The court said:

> "There was no issue respecting contributory negligence in the case. It is true as an abstract proposition of law that under the circumstances of this case the negligence of the driver of the automobile could not be imputed to the plaintiff, but that was not the question. The question was whether the negligence of the defendant or the negligence of the father caused the damage. Negligence of the plaintiff herself, whether original or imputed, was not alleged nor intimated. The jury might easily be confused by this instruction and induced to think that the negligence of the father had nothing to do with the case. The defendant was entitled to a fair instruction on the plain issue of whose negligence caused the injury. If the injury was attributable, either in whole or in part, to the negligence of the defendant, the plaintiff would be entitled to recover, but on the other hand, if the

injury was caused exclusively by the negligence of the father, the defendant was entitled to a verdict. It has often been held that instructions on abstract propositions of law not embraced in the pleadings constitute reversible error."

We are not disposed to follow the decision in the Ross case for several reasons. It was held there that the lower court properly instructed the jury that the burden of proof was on the defendant to establish that the proximate cause of the accident was the negligence of the plaintiff's father who was the driver of the car. The answer of the defendant denying negligence and alleging in affirmative form that the sole cause of the accident was the negligence of the plaintiff's father did not constitute an affirmative plea. There being no plea of contributory negligence, the only issues for the jury were raised by the allegation that the defendant negligently caused the collision. The allegation that a person who was neither plaintiff nor defendant was the *sole* cause of the collision amounts to no more than a denial that the defendant was the cause. The defendant, under a general denial was entitled to offer any evidence which showed that it was not guilty of negligence or did not cause the accident. *Stamos v. Portland Electric Power Co.,* 128 Or. 310, 274 P. 915. "Under a general denial in an action for negligence the defendant may show that the act complained of was done by a third person for whose negligence he was not liable." 14 Encyclopedia, Pleading and Practice, 344, note 3; *Roemer v. Striker,* 142 N. Y. 134, 36 N. E. 808. Since the trial court held in the Ross case that the defendant was guilty of negligence, the only issue for the jury was whether that negligence proximately caused the accident. The instruction to the effect that the negligence, if any, of plaintiff's father could not

be imputed to the plaintiff as contributory negligence was a correct statement of the law. It did not submit to the jury an issue which was outside of the pleadings or an issue on which there was no evidence. It submitted no new issue. The effect of the instruction was to confine the consideration of the jury to the true issue. The judgment for the plaintiff was properly reversed because the plaintiff intentionally brought out the fact that the defendant was insured but if the only assignment of error had been the giving of the abstract instruction, we think it would not have been proper to reverse the case.

We may add that there is some distinction between the facts of the Ross case and the one at bar. In the Ross case, there was a claim brought out by a speaking denial that the plaintiff's father negligently caused the injury, and it is possible, although we think not probable, that by reason of the instruction, the jury might have thought that the negligence, if any, of the father was immaterial, even though it was the sole cause of the accident. In the case at bar, on the other hand, there is no allegation that either the plaintiff or her husband, who was driving the car, caused the collision or was negligent in any respect. The defendant's allegation that the collision was caused by the negligence of a third party who was proceeding in a line of cars ahead of the defendant, amounts to nothing more than a general denial of negligence on the part of the defendant. With perhaps the sole exception of the Ross case, the instances in which the giving of an abstract instruction has been disapproved bear no resemblance to the facts in the case at bar. A case similar in principle to the one at bar is *Nordlund v. Lewis & Clark Railroad Co.,* 141 Or. 83, 15 P. (2d) 980.

In that case the trial court cautioned the jury that the defense of assumption of risk was not available to the defendant. No such issue had been plead, yet it was held that the court committed no error in giving the instruction. Here again the attention of the jury was confined to the proper issue rather than diverted from it by the instruction. See also *McNab v. O'Flynn*, 127 Or. 490, 272 P. 670.

■ As we have said, the typical case involving an abstract instruction is one in which the issues are broadened beyond the scope of the pleadings or of the evidence. In the case at bar the instruction was obviously correct as a matter of law and it confined the attention of the jurors to the true issue rather than diverting it to an extraneous one. If the instruction be deemed abstract we hold that it was not erroneous and certainly not prejudicial.

The third assignment is to the effect that the court erred in denying defendant's motion for a new trial. The first two grounds for the motion have already been considered. The third ground was the failure of the court to give the statutory instructions required by O. C. L. A., § 2-1001. That statute provides:

"The jury, subject to the control of the court, in the cases specified in this Code, are the judges of the effect or value of evidence addressed to them, except when it is thereby declared to be conclusive. They are, however, to be instructed by the court on all proper occasions:

"1. That their power of judging of the effect of evidence is not arbitrary, but to be exercised with legal discretion, and in subordination to the rules of evidence;

"2. That they are not bound to find in conformity with the declarations of any number of witnesses, which do not produce conviction in their

minds, against a less number, or against a presumption or other evidence satisfying their minds;

"3. That a witness false in one part of his testimony is to be distrusted in others;

"4. That the testimony of an accomplice ought to be viewed with distrust, and the oral admissions of a party with caution;

"5. That in civil cases the affirmative of the issue shall be proved, and when the evidence is contradictory, the finding shall be according to the preponderance of evidence; that in criminal cases guilt shall be established beyond reasonable doubt;

"6. That evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and therefore,

"7. That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust. [L. 1862; D. § 835; H. § 845; B. & C. § 857; L. O. L. § 868; O. L. 868; O. C. 1930, § 9-2001.]"

Several of the specified instructions were given by the trial court. However, in the order denying the motion for a new trial the court stated that it inadvertently omitted to instruct concerning the matter contained in paragraph 2 of O. C. L. A., § 2-1001.

Counsel relies for reversal upon three Oregon cases. In *Kern v. Pullen,* 138 Or. 222, 6 P. (2d) 224, 82 A. L. R. 434, the trial court failed to give the statutory instructions. The court said:

"The trial of every case, civil or criminal, is a 'proper occasion' to give the instructions specified in subdivisions 1, 2, 3, 6 and 7. In subdivisions 4 and 5, only that part which relates to criminal cases should be given in criminal actions, and only

that part which relates to civil cases should be given in civil cases."

In that case the attention of the court was directed to the omission in the instructions prior to the retirement of the jury. In the case at bar there was no request that the statutory instructions be given and no exception to the failure of the court to give them. The inadvertent failure to instruct was first called to the attention of the court by the motion for a new trial.

The second case cited is *Gray v. Wassell,* 138 Or. 274, 4 P. (2d) 625. That case is not in point. It referred to the statutory rule concerning the burden of proof. The case was in equity and the duty of the court relative to the giving of the statutory instructions was not involved or discussed.

The third case cited is *Herman v. East Side Logging Co.,* 135 Or. 279, 295 P. 960. In that case the trial court instructed that fraud must be conclusively established. Believing the instruction to have been erroneous, the trial court granted a new trial and this court affirmed. Counsel relies on the following language:

"It must be borne in mind that § 9-2001, Oregon Code 1930, § 868, Or. L., declares the rule governing instructions to juries; and this court is without authority to amend it."

We have no criticism of this language but the question before us is not whether the court can amend a statute but whether it is our duty to construe it and if so how.

The strict rule of *Kern v. Pullen,* supra, has been expressly overruled. In *Fitze v. American-Hawaiian SS. Co.,* 167 Or. 439, 117 P. (2d) 825, this court said:

"The construction placed on this statute in Kern v. Pullen, supra, fails to give any effect to

the words 'on all proper occasions', contained in the last sentence of the first paragraph of said section and construes the section as if those words had been omitted therefrom, and this, we think, was clearly erroneous.''

Supporting this opinion we cited *State v. Edmunson,* 120 Or. 297, 249 P. 1098, 251 P. 763, 252 P. 84; *State v. Keelen,* 106 Or. 331, 338, 211 P. 924; and *Sorenson v. Kribs,* 82 Or. 130, 144, 161 P. 405.

In conclusion the court said:

"Again, in Arthur v. Parish, 150 Or. 582, 591, 47 P. (2d). 682, it was held that the failure to give the cautionary instruction relative to oral admissions of a party, as provided in subd. 4, section 2-1001, O. C. L. A., is a matter resting within the discretion of the court. Hence, if, as now contended by plaintiff and as held in Kern v. Pullen, supra, the court is bound to give all of the cautionary instructions contained in section 2-1001, then the court's failure to give such instructions so far as applicable in the particular case, whether requested or not, would be reversible error.

"With this doctrine, we cannot agree and what was said in the Kern case contrary to what is said here is hereby overruled.''

In the Fitze case the plaintiff had made a strenuous effort to convince the jury that the defendant should have produced the surgeon of the United States Public Health Service as a witness. At plaintiff's request the court instructed the jury:

" 'That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust.' "

The trial court concluded that the official record of the surgeon, being under seal, was the best evidence

and also found that it was as much in plaintiff's as in defendant's power to call the surgeon. It there-fore ordered a new trial upon the ground that the statutory instruction in question should not have been given. This court affirmed and held that "obviously, the jury, when so instructed by the court, were misled  *  *  *". Plaintiff contended that it was the statutory duty of the court to give the instruction regardless of what effect it may have upon the jury, and it was in answer to that contention that this court overruled *Kern v. Pullen*, supra, in the language quoted above. In *Hotelling v. Walther*, 174 Or. 381, 148 P. (2d) 933, the plaintiff requested the trial court to give "the usual statutory instructions". The court omitted to instruct in accordance with paragraphs 6 and 7 of O. C. L. A., § 2-1001. Judgment went for the defendant and plaintiff appealed. This court said:

"We do not know, and we suspect that the trial judge was equally in the dark, as to what was meant by 'the usual statutory instructions'. Ten instructions are enumerated in the seven subdivisions of § 2-1001, id. That statute requires that they be given 'on all proper occasions'. If this was intended to be a request that all of them be given, it was clearly erroneous, because some are applicable only in criminal cases. If it was intended as a request for those instructions only which are applicable in civil cases, it still may have been erroneous, for one of the statutory instructions is that the oral admissions of a party ought to be viewed with caution, and there is nothing in the record before us which discloses that either party made any oral admissions. Some of these instructions no doubt are given in every case, for example, the first, which provides that the jury's power of judging of the effect of the evidence is not arbitrary, but to be exercised with legal discretion and in conformity with the rules of evidence. There are others, how-

ever, among them the instruction as to weaker and less satisfactory evidence, which may properly be given in those cases only where a basis for them is found in the evidence—a question not always easy to determine. To instruct upon that subject in a case where the instruction is not applicable is ground for a new trial: Fitze v. American-Hawaiian Steamship Co., 167 Or. 439, 117 P. (2d) 825.''

■ It will be observed that the court did not say that the giving of a statutory instruction, when there is no basis for it in the evidence, is reversible error, but merely that such instructions may properly be given only where such basis is found. The giving of a statutory instruction, as in the Fitze case, may impose a duty upon the trial court to order a new trial, though we think that duty would arise only if it should be obvious that the jury were misled by the giving of the instruction.

There is a dictum in the case of *Parmentier v. Ransom et al.,* 179 Or. 17, 169 P. (2d) 883, from which it might be inferred that this court has returned to the rule of *Kern v. Pullen.* In that case the court instructed in accordance with paragraph 4 of O. C. L. A., § 2-1001 concerning oral admissions. On appeal it was contended that there was no evidence of oral admissions and hence that the instruction was improperly given. This court held that there was such evidence. It follows that the instruction was properly given. The opinion contains the following language which was unnecessary to the decision of the case: ''In any event, we have held that the trial of every case, 'civil or criminal, is a ''proper occasion'' ' upon which the instruction here criticized may be given'', citing *Kern v. Pullen.* No reference was made to the fact that *Kern v. Pullen* had been overruled nor to the opinions of this court in *Fitze v. American Hawaiian Steamship Co.,* and

*Hotelling v. Walther,* supra. We adhere to the ruling of those cases as outlined above. Each instruction specified in O. C. L. A., § 2-1001 is to be given "on all proper occasions". Every trial may be a proper occasion for the giving of certain instructions, as stated in the Hotelling case, but as a general proposition it may be said that it is the duty of the trial judge to determine from a consideration of the pleadings and evidence in the particular case whether it is a proper occasion to give a particular statutory instruction. The giving or refusal to give a statutory instruction may or may not constitute error, depending in each case upon the nature of the issues presented by pleading and evidence.

The foregoing is applicable to the problem as presented to the trial judge, but when an appeal to this court is based upon the giving or failure to give a statutory instruction, litigants are confronted by the general rules concerning appellate procedure. In the case at bar, the appellant did not request the court to give the statutory instructions nor was any exception taken to the failure to give them. That failure was first called to the attention of the court upon the motion for a new trial. In *Parmentier v. Ransom,* supra, we said:

"* * * When, however, exception to error of law is taken for the first time on motion for a new trial, and such motion is denied, a different situation is presented, and, on appeal, the rule still remains that 'it is not error alone, but error legally excepted to that constitutes grounds for reversal' ".

And again in *Hotelling v. Walther,* supra, where the plaintiff requested the "usual statutory instructions", the court said:

"* * * Dragnet requests of the kind under consideration do not conform to the rule and may

properly be ignored by the trial judge. A practice which would permit error to be predicated upon the refusal of such a request, or some portion of it, could well prove to be a trap both for the court and the opposing party.''

If failure to comply with a "dragnet" request is an insufficient basis on which to predicate appealable error, then a fortiori, the failure to give a statutory instruction in the absence of any request is also insufficient. If an assignment of error is to be made in this court, it should be based upon a specific request refused or upon a timely exception which would enable the trial court to supply an omitted statutory instruction if the occasion be a proper one.

■ The assignment of error based on the failure to give statutory instructions is without merit.

Lastly, it is asserted that the trial court should have granted a new trial ''upon the ground that the evidence does not support the amount of the verdict and that the same was rendered under passion and prejudice.''

We find no discussion in the defendant's brief of the testimony upon this issue. Without expressing any opinion concerning the vexing problem of the power of the trial court to grant a new trial because a verdict is deemed excessive and induced by prejudice and passion, we find no evidence of passion or prejudice, and in view of the substantial and painful injuries suffered by the plaintiff we cannot say that the damages, although large, were excessive.

The judgment is affirmed.

HAY, J., did not participate in this opinion.